CHARLES LEE AND WILLIAM BARRETT v. SAMANTHA C. CLARY.

*Ejectment—Title under statutory foreclosure.*

An unforeclosed mortgage gives no possessory right.

Only the legal holder of a mortgage can foreclose it at law, and he can do so for the benefit of any one interested.

The legal owner of a debt secured by mortgage is the legal holder of the mortgage.

A statutory foreclosure sale is invalid if the notice of sale did not give the mortgager's name correctly.

Notice of statutory foreclosure need not show the commencement and discontinuance of previous proceedings nor state the hour and minute at which the mortgage was recorded.

Statutory foreclosures are matters of contract authorized by the mortgager and ought not to be hampered by an unreasonably strict construction of the law.

Comp. L. § 6914 forbids the beginning of a statutory foreclosure if any "suit or proceeding shall have been instituted at law to recover the debt," etc. *Held* to refer to suits on the debt, and not to previous foreclosure proceedings.

Proof of sale on mortgage foreclosure is allowed to be recorded, but not required to be (Comp. L., § 6926), and may be made by testimony.

Title obtained by foreclosure will inure to the benefit of the purchaser's grantee by estoppel under his warranty.

Where defendants in ejectment did not enter as plaintiff's tenants, they are not debarred from showing that his title had been divested by a stranger to the proceedings, as by a tax sale.

Error to Saginaw.   Submitted January 15 and 16.
Decided January 22.

EJECTMENT.   The facts are in the opinion.

*Gage & Gage* for plaintiffs in error.   Purchasers under
foreclosure proceedings and holding adversely under color
of title conferred by the sheriff's deed (*Woodward v.
Blanchard*, 16 Ill., 424; *Brooks v. Bruyn*, 35 Ill., 392)
have the right to defeat recovery in ejectment against
them by showing title in a third person, *Jackson v. Row-
land*, 6 Wend., 667; *Bloom v. Burdick*, 1 Hill, 130; *Gil-
lett v. Stanley*, id., 121.   The sheriff's deed is the only
written evidence of the sale required by law to be exe-
cuted or preserved, *Doyle v. Howard*, 16 Mich., 266; no
law authorizes the affidavit of publication and sale to be
filed, and such filing is not binding as notice, *Dutton v.
Ives*, 5 Mich., 518; *Galpin v. Abbott*, 6 Mich., 17; *Wing
v. McDowell*, Walk. Ch., 175; *Woods v. Love*, 27 Mich.,
308.   A transfer of a mortgage without the debt is a
nullity, *Ladue v. D. & M. R. R. Co.*, 13 Mich., 396;
*Bailey v. Gould*, Walk. Ch., 478; *Jackson v. Bronson*, 19
Johns., 325; *Merritt v. Bartholick*, 36 N. Y., 44; *Mc-
Millan v. Richards*, 9 Cal., 410; *Ord v. McKee*, 5 Cal.,
335.   A quit claim from the mortgagee only operates to
assign the mortgage where the personal security is deliv-
ered or where there is none, *Johnson v. Lewis*, 13 Minn.,
364.   Plaintiff in ejectment must show that he had title
before the ouster complained off took place, *Siglar v. Van
Riper*, 10 Wend., 414; *Buxton v. Carter*, 11 Mo., 481;
*Tuttle v. Jackson*, 6 Wend., 213.   A mortgage sale will
not be invalidated by any mistake in the notice not
likely to mislead, *Judd v. O'Brien*, 21 N. Y., 186; *Wilson
v. Troup*, 2 Cow., 195; *Powers v. Kueckhoff*, 41 Mo., 425;
*Stephenson v. January*, 49 Mo., 465; *Leet v. McMasters*,
51 Barb., 236.

*D. W. Perkins* for defendant in error.   Where both
parties in ejectment claim through the original owner,

the better title prevails and defendant cannot set up claim of other title, *Jackson v. Jones*, 9 Cow., 182; *Pollock v. Maison*, 41 Ill., 516; *Holbrook v. Brenner*, 31 Ill., 501; *Johnstone v. Scott*, 11 Mich., 232; *Dexter v. Rheomes*, 13 Wis., 99; *McClure v. Engelhardt*, 17 Ill., 50; *Griffin v. Sheffield*, 38 Miss., 359.

CAMPBELL, C. J. The defendant in error, Mrs. Clary, brought ejectment against defendants below, claiming title under a conveyance from her mother, Ermina Livermore, dated April 21, 1875, and acknowledged May 7, 1875, the day suit was begun.

Defendants sought to defend (1), by showing a tax title to Michael Jeffers deeded to him in 1873 for taxes of 1866; and (2), by title under mortgage foreclosure under a mortgage given by Mrs. Livermore to William C. Chambers July 9, 1868.

The tax title was ruled out on the ground that it showed title in a stranger to the suit.

An objection was made that it contained more than one parcel. The deed is not recited, and we do not therefore decide whether or not this objection would have been well taken. It is not important under the other questions to be decided.

We do not perceive on what ground this ruling against showing title in a third party was made. Plaintiff disputed the mortgage foreclosure. If that was not valid then the defendants could not be said to hold possession under their mortgage, for an unforeclosed mortgage gives no possessory right. *Newton v. McKay*, 30 Mich., 380. There was no more reason why defendants should be debarred from showing divestiture of plaintiff's title by tax sale than by her own deed to a third person. She could not recover without title, and any thing showing its absence would defeat her claim. Defendants did not enter as her tenants, and are not estopped from disputing her present rights. Inasmuch, however, as the case

must be retried, it becomes necessary to consider whether defendants have any title of their own. They claim under a mortgage foreclosure and deed to Lee. The sheriff's deed on the foreclosure under the statute was made December 22, 1873, by virtue of a sale made on that day. An advertisement had been published for the proper time, beginning September 25, 1873, in the name of Lee as assignee of the mortgage. The regularity of this is attacked, partly on the ground of certain previous advertising, and partly for defects in the form of the notice and in Lee's own title.

It appears that certain proceedings had been commenced by advertisement in August, 1873, and discontinued. Also that proceedings had been taken in 1870, in which the mortgage otherwise correctly described was set forth as made by Emma Livermore, and not Ermina. If this sale of 1870 was correct, then it conveyed a perfect title and the later proceedings were of no account. It was held invalid on the objection of the plaintiff below, and we think correctly, as the statute requires the notice of sale to give the name of the mortgagor. Comp. L., § 6915.

Before the proceedings to foreclose in 1873, Lee, doubtless supposing this foreclosure regular, had conveyed one of the two parcels of the mortgaged lands to each of his two daughters by warranty deeds. One of these daughters was dead, leaving him her heir. It is now claimed he had ceased to be the sole owner of the mortgage, and therefore could not foreclose in his own name.

No doubt his grantees under the deeds could enforce a right in equity to prevent any action on his part to their prejudice, and any title he might obtain by foreclosure would enure by estoppel under his warranty. But as the debt was what the mortgage secured, and as the legal title to this remained in him, he was still the legal holder of the mortgage and entitled to enforce it for the benefit of any one who might be interested. It

had not ceased to be held in his name, and no one else could foreclose it at law.

It is objected further that his notice of September is void as not showing the fact of the commencement and discontinuance of the previous proceedings. The statute forbids the beginning of a statutory foreclosure if any "suit or proceeding shall have been instituted at law, to recover the debt then remaining secured" unless "the same has been discontinued, or that an execution upon the judgment rendered therein has been returned unsatisfied in whole or in part." § 6913. This statute clearly refers to suits on the debt, and not to foreclosure proceedings on the mortgage, and its object is to prevent proceedings, at the same time to prosecute the personal liability of the mortgagor and pursue the land. It is to prevent a simultaneous double vexation, which was allowed in England, but not generally here.

It may also be suggested that the statute, while it does not allow a foreclosure to proceed at the same time with proceedings at law, provides expressly for what shall be contained in the notice and requires in it no reference to this subject. The notice is required to contain four elements: 1, the names of the parties to the mortgage, and assignees; 2, the date and when recorded; 3, the amount claimed to be due; 4, a description of the premises.

These all identify the instrument and show the extent of the claims of the party foreclosing, and indicate to persons interested what rights are set up. This is all that they need to be informed of to protect themselves. The fact of proceeding is an assertion that there is no legal obstacle, and the mortgagor liable for the debt needs no information from the notice to tell him whether or not he has been sued at law.

We cannot add to the requirements of the statute and hold a notice void for not asserting or containing what that does not require. In the absence of any statute the power of sale was enforced upon such terms as the

contract itself provided.    The statute is now the only measure of power, and although most practitioners very wisely insert provisions meeting all the contingencies likely to arise, the notice need not in legal strictness go beyond the law.

There is no reason why a party may not discontinue such proceedings, and as the law does not require any mention of it in the notice, the notice is not defective on this ground.

It is also claimed that the notice should have stated the hour and minute of the day when the mortgage was recorded. This is, we think, going beyond reason. The mortgage is otherwise fully described, and the date of the record is enough when the day alone is given, with the other particulars, to serve every useful purpose. No such practice has ever prevailed as is here insisted on.

There is nothing in any statute requiring the proof of sale to be perpetuated in the records. This is allowed by § 6926, and is no doubt convenient and very desirable. But there is nothing to prevent proof of notice by testimony on the trial. *Doyle v. Howard*, 16 Mich., 261.

By some oversight affidavits of the notice of the earlier date were appended by some one to the deed, probably by the sheriff. The deed itself shows that it was not made under any such notice, and the affidavits form no part of it. It cannot be affected by any such facts. If the sale was made in due course of law and the deed properly executed, it cannot be invalidated by any recording of wrong affidavits, where the genuine proofs are not required to be recorded.

It seems to be imagined that statutory foreclosures are to be treated as subject to the same rigorous rules that apply to proceedings *in invitum* contrary to the course of the common law, and that intendments are to be made against them. No doubt every statutory requirement must be adhered to; but these are sales by contract, where the proceeding is authorized by the mortgagor himself to save the expense and trouble of proceedings in equity.

Such titles would be worthless if any unreasonable restrictions were laid on them, and the mortgagor would in most cases find it difficult to obtain money on fair terms without some assurance that the enforcement of the security would not be troublesome. No substantial right should be destroyed and no statutory requirement can be overlooked. But all provisions must be reasonably construed.

The defendants showed a complete title as against plaintiff, and the jury should have been directed to find in their favor.

Judgment must be reversed with costs and a new trial granted.

The other Justices concurred.