## EDGAR READING v. SOLYMAN WATERMAN.

*Ejectment against mortgagee in possession—Defect in notice of foreclosure and in sheriff's deed—Statutory foreclosures—Idem sonans.*

Notice of a statutory foreclosure must in all things required by statute conform to the statutory provisions. But where it contains all that the law requires it will not be void for errors in other respects which are not misleading. *Lee v. Clary,* 38 Mich. 223, affirmed.

A notice which identifies a mortgage by date and parties and accurately describes the time and place of its record, is not rendered invalid by calling a name *Dixon* which should be *Dickson,* nor by having the date of the mortgage given once correctly and once incorrectly, inasmuch as it furnishes the means of its own correction. Neither is a notice, if published for the proper time and giving the proper time and place of sale, invalidated by an error of date.

A mortgagee cannot take or hold possession before foreclosure without the consent of the mortgagor or his assigns. But where he is deliberately and intentionally put in possession by the mortgagor, his possession is rightful and ejectment cannot be brought against him without some action previously taken which will terminate his right and render his continuance in occupancy wrongful.

A sheriff's deed on foreclosure is not made invalid by an error in setting forth the date of a mortgage, which is so described otherwise as to be clearly identified. The statute does not prescribe the form of such a deed.

The statute itself fixes the time of redemption on foreclosure, and a certificate which fixes an impossible time will not destroy the validity of the foreclosure.

Error to Berrien. Submitted April 14. Decided April 27.

EJECTMENT. Defendant brings error. Reversed.

| | |
|---|---|
| 46 | 107 |
| 77 | 299 |
| 46 | 107 |
| 82 | 31 |
| 46 | 107 |
| 96 | 616 |
| 46 | 107 |
| 110 | 218 |
| 46 | 107 |
| 113 | 449 |
| 46 | 107 |
| 117 | 206 |
| 46 | 107 |
| 128 | 207 |
| 46 | 107 |
| 157 | ¹ 53 |

*Champlin & More* for plaintiff in error. A notice of foreclosure sale is not vitiated by spelling the mortgager's name *Dickson* instead of Dixon, as the names have the same sound: *Webb v. Lawrence* 1 Cr. & M. 806; *Williams v. Ogle* 2 Stra. 889; *Ahitbol v. Beniditto* 2 Taunt. 401; *Rex v. Foster* Russ. & Ry. 412; *Armstrong v. Colby* 47 Vt. 359; *Schooler v. Asherst* 1 Litt. (Ky.) 217; *Taylor v. Rogers* Minor (Ala.) 197; *Cantley v. Hopkins* 5 Stew. & P. 58; *Robertson v. Banks* 1 Sm. & M. 666; *King v. Clark* 7 Mo. 269; *Wood v. Hancock* 4 Humph. 465; *Buhl v. Trowbridge* 42 Mich. 44.

*Edward Bacon* for defendant in error.

CAMPBELL, J.   Waterman, in August, 1868, began an action of ejectment against Reading, who was in possession as purchaser under *mesne* conveyances from Anna H. Dickson, of lot 27 in William Justice's plat of Niles, to recover that lot, on which Reading had begun and nearly completed very expensive improvements. It appears from the record that Waterman, in May,.1849, bought this land of Anna H. Dickson, and gave back a purchase-money mortgage. On the 18th of December, 1852, she began to publish notice of a statutory foreclosure, the sale being fixed for March 15, 1853, on which day she bid off the premises, and the deed was in a few days put on file with the register of deeds. The land was never redeemed, and Waterman remained in possession until May 15, 1855, when he. surrendered possession to Mrs. Dickson, who subsequently sold to the party through whom Reading derived his title.

The ejectment suit was allowed to sleep until 1878, when it was brought to trial, and Waterman prevailed in the Berrien circuit on the ground that the foreclosure was irregular. He proved no notice to quit, and prevailed on the supposed defect of the foreclosure. He never redeemed, and never offered to redeem.

While it is the settled law of this State that a mortgagee has no right to take possession until foreclosure absolute, as

decided in *Newton v. McKay* 30 Mich 380, and *Lee v. Clary*
38 Mich. 223, as well as some other cases which have been
before us, yet it was intimated in *Newton v. McKay*, that
where a mortgagor voluntarily puts a mortgagee in posses-
sion, he may thereby preclude himself from relying on
grounds otherwise open to him. We think it would be
entirely wrong to allow a mortgagor, who has deliberately
and intentionally yielded up possession to a claimant whose
rights, if any, are derived from his own contract, to treat
the possession as tortious and bring ejectment without either
notice or payment. We have no doubt that Mrs. Dickson
and her grantees were lawfully in possession, whether the
foreclosure was regular or not, and that they could not be
ousted by ejectment.

But inasmuch as the controversy hereafter may present
some new features, we are obliged to consider the questions
raised under the foreclosure itself. These questions arise
touching the notice of sale, and the sheriff's deed.

The sheriff's deed is said to be defective in two respects.
It gives a wrong date to the mortgage, and the certificate
indorsed upon it declares the deed if not redeemed will
become effectual on the 15th day of March, 1844, when
it should have been 1854.

The sheriff's deed described the mortgage correctly in all
but its date, which was put as May 8, 1848, when it should
have been 1849. The names of the parties, and the date
and volume and page of record, were properly set forth, as
well as the day and place of sale, and the amount of purchase
money. The statute contains no direction concerning the
form of the sheriff's deed beyond the requirement that it
shall correctly show the price of the parcels sold. In all
other respects it leaves the instrument to be determined by
the rules of the common law. There can be no difficulty
from this deed in tracing it back to the mortgage as recorded,
and any incorrect matter would be at once made manifest
and corrected by that reference. *Slater v. Breese* 36 Mich.
77; *Shepard v. Shepard* id. 175. In the absence of any
statute to the contrary we think the rules applicable to other

deeds are applicable to this; and that the deed contains enough to remove any difficulty.

The error in the endorsement cures itself by reference to the deed itself, from which the time of redemption could be determined at once: *Johnstone v. Scott* 11 Mich. 232. Such a mistake was there held unimportant.

The blunders which appear to have got into the notice of sale indicate very careless printing, and the changes in the different issues are not easily explained. But how far they can be allowed to defeat the sale depends on the effect they were likely to have on persons interested.

Authorities are cited and arguments made on this matter, which relate to proceedings which are had of a hostile character and *ex parte*, where it is commonly held that such action contrary to the usual course of law, and against persons who have not the common-law benefits of self-protection, should be held invalid, unless conforming strictly to statutory authority.

We held in *Lee v. Clary* 38 Mich. 223, that statutory foreclosures did not come in all respects within the same mischief. The statutes regulating them are made to enlarge and not to cut down the rights of mortgagors. Before such statutes were passed, sales made under a power of sale contained in a mortgage were governed by the same rules applicable to sales under any other power, and courts in the absence of statutes have never applied to such powers any such technical rules as would impair the security of purchasers. The power is part of the contract, and should be construed on principles applicable to contracts, and not as a hostile process.

The statutes were intended to prevent surprise or unfairness, and they should be enforced in everything substantial. Courts cannot disregard any of their positive provisions. . But on the other hand those provisions cannot be enlarged or unreasonably construed so as to render mortgage sales unsafe, or to make bidding hazardous. The law was designed to encourage and not to destroy recourse to these simple and cheap remedies; and while no substantial right should be

disregarded, substantial regularity is all that should be held imperative.

The only things absolutely required in the notice of sale are—the names of the parties original or by assignment, the date of the mortgage and of its record, the amount claimed to be due, and a description *substantially* agreeing with that in the mortgage.

In the present case the body of the notice contained the name of the mortgagor, but the mortgagee was named therein " Dixon " and not " Dickson." These names, however, are the same in sound, and legally identical unless shown to refer to two different persons. Here the name of Mrs. Dixon was referred to as mortgagee and the mortgage itself removed any such possibility of error. The name signed to the notice was shifted by some accident to the types, but as the notice showed the foreclosure was on behalf of the original mortgagee, no harm could come from such a manifest slip, which could mislead no one.

The notice was first published December 18th, but was dated December 28th. This was also of no account as the error was palpable. The day of sale was properly given, and the publication full.

The notice gave the date of the mortgage once correctly, and once incorrectly. The date and place of record, and the volume and page were also given accurately. It was manifest on the face of the notice that one of these dates was wrong, and the means of correction were given by the record. It is indeed suggested that the date given correctly as 1849 refers to the bond and not to the mortgage which is mentioned as of 1848, the days of the month corresponding. This does not strike us forcibly, for it would not be likely that a mortgage given one year would refer to a bond not made until a year after. It is not to be supposed that purchasers under foreclosure sales look at the dates of instruments without consulting the records to ascertain the state of the title. The information given by this notice directed every one immediately to the record, and that necessarily explained the true date of the

two dates set out in the notice itself. We cannot imagine that any one could be deceived by the imperfection.

We are, therefore, of opinion that none of the mistakes were substantial, or operated in any way to the prejudice of Waterman. Judgment should have been given in favor of Reading. As the case was tried by jury we can render no final judgment on the merits, and can only reverse the judgment below with costs of this court and remand the case for a new trial at the circuit.

The other Justices concurred.