NEWMAN and another, Respondents, vs. OGDEN, Appellant.

*March 22 — April 12, 1892.*

*Foreclosure of mortgage by advertisement: Fraud: Setting aside sale.*

In an action to set aside a sale of land made on the foreclosure of a mortgage by advertisement, and to redeem the premises, it appeared that the mortgagee instituted and conducted the proceedings, not for the purpose of securing his pay, but to secure title to the land without the mortgagors' knowledge; that he published the notice in a newspaper published in another city, and thereby kept the mortgagors and probable bidders in ignorance of the fact of foreclosure; that he purposely refrained from asking for the money due him; that he discouraged at least one possible bidder from attending the sale; that he swelled the amount of his claim in the notice by including the principal which was not yet due, and by including a solicitor's fee for $50, although his alleged employment of a solicitor was merely nominal; that he made no effort to obtain a bidder, but bid off the property himself at about one sixth of its value. *Held*, that the mortgagee did not purchase the premises "fairly and in good faith," within the meaning of sec. 3531, R. S., and that the sale was properly set aside, although the foreclosure proceedings were in strict conformity with the statute.

APPEAL from the Circuit Court for *Dane* County.

Action in equity to set aside the certificate of sale and deed of certain real estate, obtained by defendant by virtue of the foreclosure of a mortgage by advertisement, and to redeem the premises. The sale took place November 2, 1889. The deed was executed and delivered November 18, 1890. The mortgaged premises were within the city limits of Madison, and were on the 26th day of November, 1884, owned by one Brown, who on that day executed and delivered to defendant, *Ogden*, a mortgage, recorded on the same day, to secure the payment of $70 and interest according to the conditions of a note of even date. The mortgage contained a clause empowering the mortgagee to elect to consider the whole sum due in case of default in

payment of interest, but did not anywhere recite the terms of the note. The note in fact was conditioned for the payment of the principal five years from date, with annual interest at ten per cent. One year's interest only was paid on the note. August 27, 1887, Brown conveyed the premises to plaintiff *Newman* and one Lucas by deed containing a clause by which the grantees assumed and agreed to pay the said mortgage. October 30, 1889, Lucas conveyed his interest in the land to plaintiff *Hoven* by warranty deed containing a clause assuming the said mortgage and a certain judgment. The defendant published the notice of sale in a weekly newspaper published at Stoughton, in Dane county, some eighteen miles from Madison. The notice described the mortgage and premises correctly, and stated the amount claimed to be due at $146.72. Upon the day of sale, no bidders were present, save the defendant, and the sheriff struck them off to him for the sum of $159. The complaint attacks the sale on the ground that the defendant conducted the foreclosure proceedings with the fraudulent design to obtain title to the lands without the knowledge of the plaintiffs, which is denied by the answer.

The circuit court found the execution of the mortgage and deeds substantially as above stated; that the newspaper in which the notice of sale was published was of limited circulation,— not generally circulated in Madison, where plaintiffs resided and where bidders were likely to be found, and where two papers of extensive local circulation were published; that such notice did not in fact attract the attention of bidders, and that defendant knew that it was not likely to be noticed by people desirous of bidding on the land, and made such publication for the purpose of keeping from the plaintiffs and probable bidders all knowledge of the fact of the foreclosure; that at the time of the publication defendant knew that Lucas and *Newman* owned the premises, but gave no notice to them, nor either of

Newman and another vs. Ogden.

them, of the intended foreclosure or of the default in the mortgage, though he might easily have done so, and if he had notified *Newman* it would have been promptly paid; that neither *Newman*, *Hoven*, nor Lucas had any knowledge of the foreclosure until after the sheriff's deed had been made and recorded; that *Ogden* was the only person present at the sale, and bid in the property for $159, which sum he knew to be considerably less than the fair market value; that the fair market value of the premises when sold was at least $900; that there were included in the amount claimed to be due in the notice of sale the principal of the mortgage, $70, and a solicitor's fee of $50; that defendant was not entitled to $50 as a solicitor's fee, but only to a reasonable sum, which would be much less than $50, and that the principal did not fall due until November 26, 1889, the defendant not having elected to deem it due, and there was only due at the time of the publication of the notice, three years' interest; that plaintiffs tendered to the defendant, December 2, 1890, $112.20, and have paid the same into court, but defendant refused to accept such tender, and claimed the premises as his own; that there was due, December 2, 1890, $105.11, and no more; that defendant has not paid over to plaintiffs, or to any officer for their benefit, any part of the $159; that the expenses of foreclosure were $8, and that, had the principal been due on the day of sale, the defendant would only have been justly entitled to $97.52, principal and interest, and the said $8 costs, together with a small solicitor's fee, not exceeding $10, making $115.52; and that he was entitled to no greater sum than that at the time of the sale, and that the balance should have been paid over to the benefit of the plaintiffs.

As a conclusion of law the court found that the foreclosure proceedings were taken in bad faith by defendant, not to secure payment of the note, but surreptitiously to obtain

Newman and another vs. Ogden.

title to the mortgaged lands for a much less sum than their market value; and judgment was ordered and rendered, setting aside the foreclosure proceedings, and allowing plaintiffs to redeem. From this judgment defendant appeals.

For the appellant there was a brief by *Pinney & Sanborn*, and oral argument by *A. L. Sanborn*. They contended, *inter alia*, that fraud cannot be imputed to a mortgagee who follows the statute literally and strictly in proceedings to foreclose his mortgage by advertisement. Assuming the finding of the trial court to be true, to the effect that the proceedings were taken, not for the purpose of procuring payment, but to obtain title to the land surreptitiously and in fraud of plaintiffs' rights, still the plaintiffs have no remedy by redemption, because the proceeding is lawful, fully and explicitly justified by the statute. Their only remedy is by an action for abuse of legal process.

*H. W. Chynoweth*, for the respondents, to the point that on foreclosure by advertisement good faith is required, cited *Maxwell v. Newton*, 65 Wis. 261; *Matthie v. Edwards*, 33 Eng. Ch. 465; *Hoffman v. Anthony*, 6 R. I. 286; *Burnet v. Denniston*, 5 Johns. Ch. 35; *Longwith v. Butler*, 8 Ill. 32; *Ormsby v. Tarascon*, 3 Litt. (Ky.), 404; *Briggs v. Briggs*, 135 Mass. 306; *Thompson v. Heywood*, 129 id. 401; *Montague v. Dawes*, 14 Allen, 369.

Winslow, J. The circuit court found the disputed questions of fact substantially as the plaintiffs claimed them to be, and a perusal of the record satisfies us that his conclusions are fully justified by the evidence. The circuit court also found, from these facts, that the attempted foreclosure must be set aside and the plaintiffs allowed to redeem. In this, also, the court was right. Foreclosure by advertisement is a proceeding *ex parte* in its nature, and peculiarly open to abuse. For this reason, probably, the statute has

Newman and another vs. Ogden.

provided (R. S. sec. 3531) that the mortgagee may *fairly and in good faith* purchase the property at the sale. In this case it appears that the mortgagee instituted and conducted the foreclosure proceedings, not for the purpose of securing his pay, but for the purpose of securing title to the land without the mortgagors' knowledge; that he selected, in pursuance of this design, a newspaper published in another city, for the publication of his notice, and thereby succeeded in keeping probable or possible bidders and the mortgagors in ignorance of the fact of foreclosure; that he purposely refrained from asking for the money due him, although he must have known that he could get it if he chose; that he discouraged at least one possible bidder, by telling him that he thought there was nothing in it and that he would have to bid it off himself to get his money; that he swelled the amount of the claim in his notice by including the principal, which was not yet due, and by including also a solicitor's fee for $50, when it clearly appears that his alleged employment of a solicitor was merely nominal, and consisted in procuring from his brother (an attorney) instructions as to procedure, and that he never paid or credited to his brother the fee; that he made no effort to obtain a bidder, but bid off the property at about one sixth of its real market value, and much less than he himself knew was its true value. These facts seem to us amply sufficient to show that the defendant did not purchase the premises fairly or in *good faith.* It avails not to say that the letter of the statute was not violated. The statute required of him also fairness and good faith, and, in the absence of these essentials, he cannot purchase. *Maxwell v. Newton,* 65 Wis. 261. The circuit court followed the only course open to a court of equity, under the evidence.

*By the Court.*— Judgment affirmed.

PINNEY, J., took no part.