BROWN *v.* BURNEY.[1]

1. MORTGAGES — STATUTORY FORECLOSURE — SUFFICIENCY OF NO-
TICE.

    A notice of foreclosure of mortgage by advertisement, which
incorrectly gives the date of the instrument as March 31st,
instead of March 21st, is not fatally defective, where it states
the correct date of the record of the mortgage, and the vol-
ume and page where it is recorded, even though the statute
(3 Comp. Laws, § 11136) provides that the notice shall specify
the date of the instrument.

2. SAME—REDEMPTION.

    Complainant, a second mortgagee, entered into a contract with
defendant, a prior mortgagee, who had bid in the premises on
statutory foreclosure, whereby defendant was to sell to com-
plainant after the expiration of the time for redemption. A
deed was made and tendered, but, some question having
arisen as to the validity of the foreclosure, complainant re-
fused to accept it. Considerable correspondence followed, in
the course of which complainant expressed a desire to pay
the mortgage if defendant could not make title, though no
tender was actually made. Defendant avoided giving a
decisive answer for some time, but finally set up an absolute
title. *Held*, that complainant was entitled to redeem on
payment of the mortgage debt and costs of foreclosure.

3. SAME—PLEADING.

    A bill to set aside a statutory foreclosure may be considered as
a bill to redeem, though it contains no specific prayer for
that relief, and no express offer to pay the mortgage debt.

Appeal from Charlevoix; Mayne, J. Submitted March
5, 1901. Decided September 25, 1901.

Bill by Frank E. Brown and John Sehler against Au-
gustus Burney and the Shiawassee County Bank to set
aside a mortgage foreclosure and to foreclose a subsequent
mortgage. From a decree for complainants, defendant
bank appeals. Modified and affirmed.

---

[1] Rehearing denied December 21, 1901.

*Charles E. Ward,* for complainants.

*Byron P. Hicks,* for appellant.

LONG, J. On March 21, 1892, Augustus Burney and wife executed a mortgage to the Michigan Mortgage Company to secure $300, and also one of $15. These mortgages were duly recorded on or about the date of their execution, and on November 9, 1892, the $300 mortgage was assigned to the Shiawassee County Bank. This assignment was also recorded. The $15 mortgage was assigned to one Edward L. Dooling. On the 9th of November, 1893, Burney and wife gave another mortgage on the same property to John Monroe, Jr., for $145.75. On July 19, 1894, Burney, who was then a widower, executed a mortgage for $1,000 on the same land to the complainants in this case. All the other mortgages were recorded prior to the recording of complainants' mortgage. None of them has been paid.

Under the power of sale contained in its mortgage, the Shiawassee County Bank foreclosed by advertisement, and sold the premises on November 9, 1897. A deed was executed on said foreclosure by the sheriff, the redemption to expire on November 9, 1898. Five days before the redemption expired, the complainants entered into a contract with the Shiawassee County Bank, in which they agreed to buy the interest of the bank after the year's redemption had elapsed. The contract provided that the conveyance to them should be by quitclaim deed, which was to be made on November 15, 1898. In accordance with the terms of this contract, the bank executed the deed, and caused it to be tendered to the complainants; but they refused to accept it, for the reason that, as they claimed, they had discovered that the foreclosure of the mortgage by advertisement by the bank was void and of no effect. On the 19th day of June, 1899, Burney conveyed all his right and interest in the land by quitclaim deed to the defendant bank.

The present proceeding is for the foreclosure of the complainants' mortgage. The court decreed:

*First.* That the complainants be allowed to redeem from the mortgage held by the Shiawassee County Bank by paying to said bank the face of said mortgage, with the accumulated interest to date of payment, but without any costs of said foreclosure by advertisement, and that thereupon, if complainants so desired, they might hold said mortgage as the first mortgage or incumbrance against said premises; that said bank be required, on payment of said mortgage, to assign and convey the same to the complainants.

*Second.* That said defendants, or some of them, pay or cause to be paid to said complainants, or to their solicitor, the amount so found to be due them on their said mortgage, together with interest thereon at 7 per cent., together with the costs of suit, on or before September 1, 1900, and that in default thereof the said premises be sold.

The court found in the decree that the proceeding by advertisement to foreclose the Shiawassee County Bank mortgage was irregular and defective, and that it did not have the effect to cut off the right of redemption of Mr. Burney and those claiming under him.

We think the court was in error in holding that the notice of foreclosure was defective. The only defect claimed is that the notice did not give the correct date of the mortgage. The mortgage was dated March 21, 1892, and the notice gave the date as March 31, 1892. The statute authorizing the foreclosure by advertisement provides by subdivision 2 that the notice shall specify "the date of the mortgage, and when recorded." 3 Comp. Laws, § 11136. The notice contained the correct date of the recording of the mortgage, and the volume and page in which it was recorded. This error in setting out the date of the mortgage did not invalidate the notice. No one could be misled by it, as the mortgage was otherwise fully identified. *Reading* v. *Waterman*, 46 Mich. 107 (8 N. W. 691).

We think, however, the court was not in error in the decree entered, except that the Shiawassee County Bank should have been allowed its costs and expenses of foreclosure of its mortgage. It is needless to set out the cor-

respondence between the complainants and the bank in reference to the carrying out of the contract, or the procuring of the interest of the bank in the premises. It is apparent from the correspondence that the complainants were desirous of protecting their mortgage interest by purchasing any interest which the bank had in the lands. They offered to pay the bank's mortgage and interest, though no tender was actually made, and repeatedly asked the bank for a final reply as to what position it intended to take in regard to the validity of the foreclosure. Instead of giving a decided answer to this inquiry, the matter was permitted to drag along until the time for redemption expired, when the bank, having purchased Burney's interest, then claimed to be the absolute owner of the whole land, and insisted that the complainants' mortgage had been cut off by the foreclosure. The circumstances are such that the court might very properly have treated the complainants' bill as one to redeem, and it will be so treated here.

The decree will be modified by giving the defendant bank costs of foreclosure of its mortgage and the costs of this court, and otherwise affirmed.

The other Justices concurred.