### SARAH TURANSKY *vs.* DAVID WEINBERG & others.

Suffolk. January 19, 1912. — February 29, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DeCOURCY, JJ.

*Mortgage,* Of real estate: foreclosure. *Equity Jurisdiction,* To set aside foreclosure sale.

An unintentional error in the published notice of a foreclosure sale of real estate under a power in a mortgage in stating the date of the mortgage to be foreclosed, if the real estate to be sold was described properly and the record of the mortgage was referred to correctly and no one was misled by the error, does not invalidate the sale.

Where in a foreclosure sale of real estate under a power in a mortgage all the terms of the power and all the statutory requirements were complied with in good faith, the fact that the price obtained was inadequate does not require that a suit in equity to set aside the sale should be sustained.

BILL IN EQUITY, filed in the Supreme Judicial Court on November 25, 1910, by the holder of a third mortgage on a parcel of land with the buildings thereon numbered 35 on Elmo Street in that part of Boston called Dorchester, to set aside a foreclosure sale of the property under a second mortgage.

The case was referred to Arthur P. Hardy, Esquire, as master. The facts found by him are stated briefly in the opinion. The second mortgage was held and foreclosed by one Shapira, who was made a defendant. The date of the second mortgage was April 30, 1910. In the published notice of the foreclosure sale the date of this mortgage was stated to be April 30, 1909. The sale was advertised for and took place at nine o'clock on a Monday morning. The master found that the mistake in the date was unintentional, that there was no such plot or conspiracy as alleged by the plaintiff between the defendants or any of them, " and that said foreclosure sale under the power contained in the mortgage to Shapira was not a pretended sale but was valid and genuine in all respects, except so far as the court may rule as a matter of law that there was some defect therein."

The case was heard by *Morton*, J., upon the plaintiff's exceptions to the master's report. He made a memorandum of decision as follows:

" I see no just ground for reversing the finding of the master in regard to the alleged fraud concerning the foreclosure sale. I do not think that the error in regard to the date of the mortgage contained in the notice of the sale, or the hour at which the sale was held, or the failure to state the terms of sale at the auction require that the sale should be set aside. It is well settled that mere inadequacy of price does not require a sale to be set aside. Shapira acted, it seems to me, with entire good faith throughout the proceedings. He did not know of the plaintiff's mortgage and she took no steps to inform him of the fact that she held a mortgage on the property or to request information or notice of any foreclosure proceedings that he might institute. The fact that the case may be a hard one for the plaintiff if the sale is allowed

to stand is not, of course, of itself enough to justify setting it aside. I think that the exceptions to the master's report should be overruled, the report confirmed and the bill dismissed."

Later by order of the justice a final decree was entered that the master's report be confirmed and that the bill be dismissed. The plaintiff appealed.

*M. M. Horblit,* (*J. Wasserman* with him,) for the plaintiff.

*D. B. Beard & F. P. Garland,* for the defendants, were not called upon.

HAMMOND, J. We see no reason for reversing the finding of the master and of the single justice as to the alleged fraud concerning the sale. All parties seem to have acted in good faith.

The unintentional error as to the date of the mortgage did not invalidate the notice. The real estate to be sold was properly described and the reference to the record of the mortgage was correct. No one, therefore, desiring to know the precise terms of the mortgage or the land to be sold could have been misled. If it be said that the date of the mortgage as stated in the notice was subsequent to the date of the mortgage held by the plaintiff, so that if she had seen the notice she might have been misled into the belief that the mortgage was junior to the one held by her, the answer is that, as found by the master, neither she nor her husband read the notice, nor were they aware until after the sale that it ever had been published.

There is nothing to show that there was any misunderstanding of the conditions upon which the sale was actually made, or that the interests of the plaintiff were prejudiced by those conditions. Nor is it shown that under the circumstances the hour at which the sale took place was prejudicial to her.

The master has found that all the statutory requirements were complied with in good faith. Inadequacy of price does not require a sale to be set aside. As stated by the single justice the fact that the case is a hard one for the plaintiff is not of itself enough to justify setting aside the sale.

*Decree affirmed.*