LAU *v.* SCRIBNER.

1. MORTGAGES—FORECLOSURE—NOTICE—STATUTE.
    A substantial compliance with the provisions of 3 Comp.
    Laws, § 11136 (3 Comp. Laws 1915, § 14952), relating to
    the contents of a notice of foreclosure of a mortgage on
    real estate by advertisement is necessary.

2. SAME.
    A notice of foreclosure by advertisement complies substan-
    tially with the provisions of the statute where the date
    of the mortgage, the names of the mortgagors and mort-
    gagees, and the volume and page of the record are cor-
    rectly given, even though the date of recording is not
    given.

3. SAME.
    There is a compliance with 3 Comp. Laws, § 11135 (3
    Comp. Laws 1915, § 14951), providing that the notice of
    the foreclosure of a real estate mortgage by advertise-
    ment shall be published in a newspaper in the county
    where the premises are situated and the sale is effected
    without fraud where the property is located in a large
    city and the advertisement is inserted in a newspaper
    in a small town twenty miles away in the same county,
    and, although the property is sold for one-half of its
    value, and the mortgagor has no actual notice of the sale
    until after the expiration of the year for redemption, it
    is purchased by the mortgagee for the amount due for
    principal, interest, taxes and costs, the county records
    being open for inspection.

Appeal from Wayne; Bridgman, J., presiding. Sub-
mitted June 21, 1917. (Docket No. 106.) Decided
July 26, 1917.

Bill by Z. Lau against Moses Scribner and others to
set aside the foreclosure of a mortgage. From a decree
dismissing the bill plaintiff appeals. Affirmed.

*Jerome Probst* (*Harry M. Lau,* of counsel), for
plaintiff.

*Ralph L. Aldrich,* for defendants.

STONE, J. The bill of complaint in this cause was filed to set aside a statutory foreclosure sale by advertisement of certain premises in the city of Detroit, and to redeem from the mortgage. It appears that on April 29, 1902, one Harry M. Lau and wife executed a mortgage upon the premises to Moses Scribner for $2,500, payable three years from date, with interest at the rate of 6 per cent. per annum, payable semi-annually. Afterwards, and on August 29, 1906, the said Harry M. Lau and wife conveyed the premises to the plaintiff subject to the mortgage in question.

Though long past due, interest was paid upon this mortgage to April 29, 1909, the last indorsement of interest on the note bearing date May 4, 1909. Foreclosure of this mortgage was had by statutory advertisement, and the property was bid in at the sale by Moses Scribner, the mortgagee, on September 2, 1909, for the sum of $2,734. This deed became operative on September 2, 1910. The plaintiff testified that she had no knowledge of this sale until after the year of redemption had expired, but that she learned of it from Mr. Scribner about October 1, 1910, when he went into possession, and since which time he or those holding under or through him have been in continued possession. The plaintiff had been accustomed to pay the interest through her uncle, said Harry M. Lau, to whom she gave the checks, and who attended to the business for her. Plaintiff had collected the rent of the premises prior to October 1, 1910. She paid no taxes after 1908, and tendered no interest after May 4, 1909.

No complaint is made concerning the validity of the foreclosure sale except:

*First.* That the notice of the mortgage sale did not state the date when the mortgage was recorded, but

did state the names of the mortgagors and of the mortgagee, the date of the mortgage, and that it was recorded in the proper office in Liber 444 of Mortgages on page 138.

*Second.* That such notice of mortgage sale was published in the Belleville Enterprise, a newspaper printed and circulated in the county of Wayne, and that said newspaper was an obscure newspaper, printed in the village of Belleville, 25 or 30 miles from Detroit.

Our statute (section 13931, 5 How. Stat. [2d Ed.], 3 Comp. Laws 1915, § 14952) reads as follows:

"Every such notice shall specify:
"1. The names of the mortgagor and of the mortgagee, and the assignee of the mortgage, if any;
"2. The date of the mortgage, and when recorded;
"3. The amount claimed to be due thereon at the date of the notice; and
"4. A description of the mortgaged premises, conforming substantially with that contained in the mortgage."

At the hearing the court held that the foreclosure proceedings were fatally defective under the first objection, but dismissed the bill, upon the ground of five years' possession by defendants, under section 14119, 5 How. Stat. (2d Ed.), (3 Comp. Laws 1915, § 12311). The plaintiff has appealed.

1. Referring to the first objection, the learned circuit judge was of the opinion that the precise question here involved has never been determined by this court, and followed the holding of the supreme court of Minnesota in *Martin* v. *Baldwin,* 30 Minn. 537 (16 N. W. 449), and held that the notice was fatally defective. *Clifford* v. *Tomlinson,* 62 Minn. 195 (64 N. W. 381), is to the same effect. The doctrine there announced is that:

"The proceeding is one in derogation of common law, and the remedy must be strictly and closely pursued."

We have no doubt that a substantial compliance with the statute is required.

We are of the opinion that the question is not a new one in this State. In *Lee* v. *Clary,* 38 Mich. 223, it was held that a statutory foreclosure sale was invalid if the notice of sale did not give the mortgagor's name correctly.

In *Reading* v. *Waterman,* 46 Mich. 107 (8 N. W. 691), the notice of sale gave the date of the mortgage once correctly and once incorrectly. Upon that subject Justice CAMPBELL said:

"The notice gave the date of the mortgage once correctly, and once incorrectly. The date and place of record and the volume and page were also given accurately. It was manifest on the face of the notice that one of these dates was wrong, and the means of correction were given by the record. * * * It is not * * * supposed that purchasers under foreclosure sales look at the dates of instruments without consulting the records to ascertain the state of the title. The information given by this notice directed every one immediately to the record, and that necessarily explained the true date of the two dates set out in the notice itself. We cannot imagine that any one could be deceived by the imperfection. We are therefore of opinion that none of the mistakes were substantial, or operated in any way to the prejudice of Waterman."

In speaking of the rule that should be applied in such cases Justice CAMPBELL in the same case said:

"Authorities are cited and arguments made on this matter which relate to proceedings which are * * * of a hostile character and *ex parte,* where it is commonly held that such action contrary to the usual course of law, and against persons who have not the common-law benefits of self-protection, should be held invalid, unless conforming strictly to statutory authority. We held in *Lee* v. *Clary,* 38 Mich. 223, that statutory foreclosures did not come in all respects

197—Mich.—27.

within the same mischief. The statutes regulating them are made to enlarge, and not to cut down, the rights of mortgagors. Before such statutes were passed, sales made under a power of sale contained in a mortgage were governed by the same rules applicable to sales under any other power, and courts, in the absence of statutes, have never applied to such powers any such technical rules as would impair the security of purchasers. The power is part of the contract, and should be construed on principles applicable to contracts, and not as hostile process.

"The statutes were intended to prevent surprise or unfairness, and they should be enforced in everything substantial. Courts cannot disregard any of their positive provisions. But, on the other hand, those provisions cannot be enlarged or unreasonably construed so as to render mortgage sales unsafe, or to make bidding hazardous. The law was designed to encourage, and not to destroy, recourse to these simple and cheap remedies; and while no substantial right should be disregarded, substantial regularity is all that should be held imperative."

The same question and growing out of the same land title was before the Supreme Court of the United States in *Bacon* v. *Insurance Co.*, 131 U. S. 258 (9 Sup. Ct. 787). Justice Lamar, referring to *Reading* v. *Waterman*, said:

"As the question involved the legality of proceedings provided for by the statutes of the State, and is thus a question of the construction of a State statute by the highest court of the State, or, more properly, perhaps, a rule of property in that State, we would follow the ruling of the Michigan Supreme Court upon it even though we might have some doubts upon it as an original proposition. * * * But in our opinion that question was properly decided by that court."

In *Brown* v. *Burney*, 128 Mich. 205 (87 N. W. 221), it was held that a notice of foreclosure of mortgage by advertisement which incorrectly gave the date of the instrument as March 31st instead of March 21st

was not fatally defective, where it stated the correct date of the recording of the mortgage, and the volume and page where it was recorded, even though the statute provides that the notice shall specify the date of the instrument. Justice LONG said:

"This error in setting out the date of the mortgage did not invalidate the notice. No one could be misled by it, as the mortgage was otherwise fully identified" —citing *Reading* v. *Waterman, supra.*

For an extended review of the authorities on the subject see *McCardia* v. *Billings,* 10 N. D. 373 (87 N. W. 1008, 88 Am. St. Rep. 729) ; also 27 Cyc. p. 1467.

In the instant case the date of the mortgage, the names of mortgagors and mortgagee, and the volume and page of record were correctly stated in the notice, but the date of the record was not given. It is manifest that, if a foreclosure notice giving an incorrect date of a mortgage can be supported on the theory that other items in the notice furnish means of identification, as was the case in *Brown* v. *Burney, supra,* the notice in the instant case should be held sufficient; and in our opinion it was sufficient, as a substantial compliance with the statute.

Notwithstanding the Minnesota cases to the contrary, we think that the weight of authority outside the State of Michigan is in accord with our views as above stated.

2. It is claimed that the publication of the notice in the "Belleville Enterprise" rendered the sale void. The statute (section 13930, 5 How. Stat. [2d Ed.], 3 Comp. Laws 1915, § 14951) provides that the notice shall be published in a newspaper printed in the county where the premises are situated. It is not claimed that the publication was not made in a newspaper published in the county of Wayne, but it is urged that the publication of the notice in an obscure village paper, in a distant part of the county, was not such

a notice as is contemplated by the statute, and that, in connection with the purchase of the property by the mortgagee for less than one-half its value, was a fraud on the plaintiff. It appears from the record that the property was at that time worth from $5,000 to $5,500. It was sold for the amount due for principal, interest, taxes, and costs. Under the circumstances, can it be said that such a sale was a fraud on the plaintiff? We think not. The records of Wayne county were at all times open to inspection, and the sale was conducted under the forms of law, and we think in compliance with the statute. The plaintiff remained quiet for five years from the time the deed became operative, and in the meantime the premises had been sold by Scribner on contract, and more than one-half the purchase price had been paid by such purchaser.

Counsel has called our attention to the case of *Newman* v. *Ogden*, 82 Wis. 53 (51 N. W. 1091). That was an action to set aside a sale of real estate made on the foreclosure of a mortgage by advertisement and to redeem the premises. It appeared that the mortgagee inserted a notice of the sale in a newspaper published in another city than the one where the land was situated; that he thereby kept the mortgagors and probable bidders in ignorance of the foreclosure; that he purposely refrained from asking for the money due him; that he discouraged at least one possible bidder from attending the sale; that he swelled the amount of the claim in the notice by including the principal, which was not then due, and by including a solicitor's fee for $50 when the alleged employment was merely nominal; that he made no effort to obtain bidders, but bid off the property himself at about one-sixth its real value. Under such circumstances it was held that the facts would justify the court in setting aside the sale. We think that the facts stated clearly distinguish the cases. Mr. Scribner has died since the bill was filed,

and his death has been suggested, and the suit revived in the name of his executors. The defendant Fannie Thompson sold her contract interest to the defendant J. A. Graham at an agreed price of $6,800, and a disclaimer was filed by Mrs. Thompson.

Having reached the conclusion above stated, it is unnecessary to pass upon the question of the statute of limitations. The equities of the case are with the defendants, and the bill of complaint was properly dismissed.

The decree of the circuit court is affirmed, with costs to the defendants.

KUHN, C. J., and OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.