GILLETTE, Appellant, v. ABRAHAMS, Respondent.

(174 N. W. 745.)

(File No. 4546.   Opinion filed November 8, 1919.)

1.  Quieting Title, Setting Aside Mortgage Foreclosure—Voidable
    Foreclosure, Necessity of Tendering Redemption Money.

    Where a mortgagor seeks to quiet title by having a realty
    mortgage foreclosure set aside as voidable, and not as void,
    he must do equity by bringing into court the amount of the
    overdue debt.

2.  Foreclosure—Advertisement Misstating Mortgage Date, Purpose
    of Foreclosure Notice—Mere Inaccuracy—Object of Notice,
    Previous Decision Modified—Statute Construed.

    The erroneous statement, in Iowa Investment Co. v. Shep-
    hard, 8 S. D. 332, that "the object of the notice contemplated
    by statute is to fully advise all interested persons and the gen-
    eral public of the existence of conditions which authorize a
    foreclosure by advertisement," should be corrected; for, were
    such its object, our statute would require that the notice
    recite existence of facts upon which right to exercise power
    of foreclosure sale depends—matters set forth in Rev. Code
    1919, Sec. 2877; whereas, the purpose of the notice is indicated
    by what must appear therein as specified in Sec. 2880; from
    which statute interested parties should be able to identify the
    mortgage, learn who were and are parties thereto, amount of
    lien, what is mortgaged, and where to attend if interested in
    the sale. This Court in the Shephard case, in the use of the
    word "inaccuracies," had not in mind a case where the notice,
    fairly construed, failed to specify all the statute requires, or
    where the notice contained an erroneous specification.

3.  Same—Notice Unintentionally Misstating Mortgage Date, Non-
    reference to Recorded Mortgage, Nobody Mislead, Whether
    Void Foreclosure.

    Where, in foreclosure of realty mortgage by advertisement,
    the notice thereof unintentionally misstated date of mortgage,
    and contained no reference to the recorded mortgage, a fore-
    closure based upon such notice is void; this although no claim
    is made that either mortgagor or anyone else was mislead by
    such error. Loomis v. Stoddard, (S. D.) 173 N. W. 859, ex-
    plained and distinguished.

4.  Same—Foreclosure Sales by Advertisement, Strictly Construed—
    Substantial Compliance with Statutory Requirements—Notice
    Misstating Mortgage Date.

    Statutory foreclosure sales and powers of sale are in deroga-
    tion of common law, and statutes authorizing same should be
    strictly construed, especially when as mandatory in form as
    Sec. 2880, Rev. Code 1919; and held, that where notice of
    foreclosure misstates date of mortgage and fails to specify

where it is recorded, and is not in substantial compliance with the provision in said statute requiring specification of date of mortgage, the foreclosure is invalid. To hold otherwise would be to sustain foreclosure provided land owner could not show wherein he was prejudiced through an unfair sale by said faulty notice, and provided such error was not intentional—— Which would be an unsound ruling.

5.. Same—Advertisement Foreclosure—Nonresident Owner, Land in Agent's Possession, Nonnotice of Foreclosure—Mortgagee in Possession "Under Said Foreclosure," No Expenditures By, Expenditures by Mortgagor, Effect, Re Quieting Title After Redemption Period—Laches.

Where, in a suit to quiet title by former owner, as against a foreclosure by advertisement in which the sale notice mis-stated date of mortgage and contained no reference to mortgage record, the land owner was a non-resident of the state and neither himself nor his brother, an agent residing on the land, ever saw the sale notice; trial court having found that mortgagee was in possession "under and by virtue of said foreclosure proceedings," he having expended nothing on the land, while the owner's brother before and after redemption period expended considerable sums in land improvements, suit to set aside foreclosure having been commenced about six months after expiration of redemption period; held, that, the sale being invalid, and not merely voidable, record fails to disclose any laches or other facts working estoppel against the owner.

6. Quieting Title—Owner's Suit to Set Aside Invalid Advertisement Foreclosure After Redemption Period—"Mortgagee in Possession," Without Mortgagor's Consent, Whether Action to Redeem Necessary.

In a suit by former owner to set aside an invalid advertisement foreclosure on realty, after expiration of redemption period, mortgagee being in possession "under and by virtue of said foreclosure proceedings," held, that the contention that mortgagor's only remedy against a "mortgagee in possession" is an action to redeem, is untenable; this Court's holding in West v. Banking Co., 35 S. D. 465, relied upon by defendant, being that suit to redeem is the sole remedy against mortgagee in possession under the express or implied consent of mortgagor; and under that ruling, mortgagee is not one "in possession," unless the foreclosure was invalid; and the present action seeks a judgment which in effect would hold mortgagee to be one "in possession"—a fact mortgagor may have determined therein, and if determined in his favor, and he then seeks a remedy other than redemption, such as ejectment, court must determine whether, under the law of the West case, mortgagor is entitled to such remedy—depending per-

chance upon whether possession was voluntarily surrendered to mortgagee.

McCoy, J., not sitting.

Appeal from Circuit Court, Tripp County. Hon. WILLIAM WILLIAMSON, Judge.

Action by Ed. E. Gillette against Henry J. Abraham, to quiet title to land setting aside a mortgage foreclosure by advertisement. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed.

*Doherty & Talbot,* for Appellant.

*Charles A. Davis,* for Respondent.

(3) Under point three of the opinion, Appellant submitted that: There is nothing in the notice which is descriptive or informative of the true date of this mortgage, or of the real mortgage that is attempted to be foreclosed, nor of any condition which would authorize its foreclosure. It fails to identify this mortgage at all.

Respondent cited: Jensen v. Weinlander, 25 Wis. 477; Lau v. Scribner, 163 N. W. 914; Turansky v. Weinberg, 97 N. E. 755, 211 Mass. 324; Martin v. Yager (N. D.) 153 N. W. 289.

(4) Under point four, Respondent submitted that: The party attacking must show himself injured by reason of the defect or inaccuracy; and cited: Banking Co. v. Lester, 64 N. W. 168; Power v. Larabee (N. D.), 57 N. W. 789; Iowa Inv. Co. v. Shepard et al., 8 S. D. 334.

WHITING, J. [1] Defendant held a second mortgage against land belonging to plaintiff. The land was situate in this state. The mortgage was of record, and it contained a power of sale. There being default in the payment of the debt secured, defendant exercised the power of sale, purchased the land at the sale, and, at end of the statutory period for redemption, received a sheriff's deed on such sale. Plaintiff thereafter brought this action, seeking to have the title to said land quieted in him. It is evident that plaintiff's theory is that the foreclosure was void, and not that the foreclosure was voidable. Upon the latter theory he would have no standing in court, as he did not seek to do equity by bringing into court the amount of the overdue indebtedness. The facts upon which plaintiff

attacked the foreclosure and· which facts are undisputed, were:
(a) That the published notice of sale gave the date of the
mortgage to be "December 20, 1912," when the true date thereof
was "September 20, 1912"; (b) that the amount claimed in
such notice as the amount due on the mortgage was largely in
excess of the true amount due.   The trial court sustained the
sale and quieted the title in defendant.   From the judgment so
quieting title and from an order denying a new trial, this appeal
was taken; and the only question before us is the correctness
of the holding of the trial court sustaining the foreclosure sale.

   [2]   Respondent urges that this court has virtually disposed
of any question dependent upon the erroneous statement in the
notice as to date of mortgage by its opinion in Iowa Invest-
ment Co. v. Shepard, 8 S. D. 332, 66 N. W. 451, where the
court stated:

   "Mere inaccuracies, not calculated to be misleading, are
insufficient to invalidate a sale, in the absence of a claim that
any one has been injured."

   To determine just what this court meant by "inaccuracies,"
one needs to examine the facts in the Shepard Case.   But, first,
we would correct an erroneous statement made in the opinion
in that case.   The court said:

   "Evidently the object of the notice contemplated by statute
is to fully advise all interested persons and the general public of
the existence of conditions which authorize a foreclosure by
advertisement."

   If such were the object of the notice, our statute would
require that it recite the existence of the facts upon which the
right to foreclosure—to exercise the power of sale—depends;
the notice would have to recite the existence of the matters set
forth in section 2877, Rev. Code 1919.   The purpose of the
notice is clearly shown by the things which must appear therein.
Section 2880, Rev. Code 1919, provides:

   "Every notice must specify:

   "1.   The name of the mortgagor and mortgagee, and the
assignee, if any.

   "2.   The date of the mortgage.

   "3.   The amount claimed to be due thereon at the date of
the notice.

"4.  A· description of the mortgaged premises. * * *
"5.  The time and place of sale."

From such notice interested parties should be able to identify the mortgage; learn who were and are the parties thereto; know the amount of lien claimed against the property; what property is mortgaged; and when and where to attend if interested in the sale.   In the Shepard Case, it was not erroneous statements in the notice with which the court had to deal—there were no erroneous statements.   The court stated that the "syntax and grammatical construction of the notice" were open to criticism; it held that, though inaccurate in language, the notice did fairly specify truthfully everything prescribed by the statute; and, in support of its conclusion that such "mere inaccuracies * * * are insufficient to invalidate a sale, '* * *'" it cited four cases, in every one of which, as in the case before it, there were inaccuracies of language in the notices, and yet the courts had held that, under a proper construction of the language used in each of said cases, every statutory requirement as to contents of notice was complied with.   It is therefore clear that this court, in the Shepard Case, in the use of the word "inaccuracies," did not have in mind a case where the notice, when fairly construed, failed to specify all that the statute requires, or where the notice contained an erroneous specification.

[3]   It is perfectly clear that the error in the notice before us was unintentional, and appellant has made no claim that either he or any one else was misled by the error therein.   Respondent has cited several cases where, under such facts, the sale has been upheld; but an examination of these cases reveals the existence in every case of the further fact—which was expressly given weight by the court in each case—that the notice gave such reference to the record of the mortgage as directed one to such record, and an examination of the record would in each case reveal and correct the error.   McCardia v. Billings, 10 N. D. 373, 87 N. W. 1008, 88 Am. St. Rep. 729; Turansky v. Weinberg, 211 Mass. 324, 97 N. E. 755; Brown v. Burney, 128 Mich. 205, 87 N. W. 221; Lau v. Scribner, 197 Mich. 414, 163 N. W. 914; Reading v. Waterman, 46 Mich. 107, 8 N. W. 691.

We should have no hesitancy in sustaining the lower court if the notice now before us had contained any reference to the record of the mortgage; but no case has been cited, and we know of none, wherein it has been held that a notice, defective in that it fails to specify, or makes a false specification as to, one of the matters which the statute says "must" be specified, will support a foreclosure sale in the absence of some such reference to the record as can be fairly held to correct the error. It cannot be said that the decision of this court in Loomis v. Stoddard, 173 N. W. 859, goes any further than its decision in the Shepard Case. A reading of such decision discloses that the majority of the court were of the opinion that the ambiguity on the face of the notice was cured by the fact that there is no township "one hundred nine" in Faulk county; and that such notice, when read in the light of such fact, clearly specified the correct description of the mortgaged premises.

[4]    Statutory sales under powers of sale are in derogation of the common law, and statutes authorizing same should be strictly construed, especially when as mandatory in form as our section 2880, Rev. Code 1919; and, while we would not go as far as the Minnesota court in holding to a strict compliance with the letter rather than the spirit of such statutes, and while we concede the soundness of every decision cited by respondent, we must and do hold that there is not even a substantial compliance with the requirements of such section 2880, where a notice entirely fails to specify one of the facts therein noted, or contains an erroneous specification of such fact, and contains nothing in any manner supplying the omission or curing the error. To hold otherwise would be to hold that every sale under power must be sustained no matter how defective or erroneous the notice, provided the owner of the land cannot point out wherein he was prejudiced by such faulty notice, and provided the defect or error was not the intentional act of the party giving the notice. If such a ruling would be sound, then a sale without any notice should be upheld where the omission to give the notice was unintentional and the owner of the mortgaged premises cannot show that such failure to give notice led to an unfair sale.

It becomes unnecessary for us to consider the effect of specifying in the notice an excessive amount as the amount claimed due.

[5] Respondent, however, contends that appellant is estopped by his laches from now questioning the validity of the sale. The sale took place in August, 1915. Plaintiff was a nonresident of the state. The land was in the actual possession of his brother, a former owner of the land and the party who executed the mortgage. The evidence discloses that neither appellant nor his brother ever saw the notice of sale, and, while the trial court found that both appellant and his brother had actual knowledge of the sale before the close of the year of redemption, such findings, so far as it related to appellant, has no support whatsoever in the record. Respondent pleaded and states in his brief that, after he acquired his deed, he obtained possession of said land by proceedings in forcible entry and detainer against appellant's brother. The record contains no evidence or finding to that effect. The court found that respondent was in possession of the land "under and by virtue of the said foreclosure proceedings." There is no claim that respondent has expended one cent upon the land since the sale. On the other hand, plaintiff's brother, both during the year of redemption and after the expiration thereof, expended considerable sums in the erection of improvements. The year of redemption expired in August, 1916. We have nothing to show when respondent acquired possession of the land. This action was instituted by appellant March 1, 1917. Even if we should consider appellant's brother to be the real party in interest— the real owner of the land—as contended by respondent, yet, in view of the fact that he had a right to treat this sale as invalid and not merely voidable, it cannot be claimed that the record discloses any laches or other fact that worked an estoppel against him. West v. Banking Co., 33 S. D. 465, 146 N. W. 598.

[6] But respondent further contends that appellant could not, in any event, prevail because respondent is, if the foreclosure is invalid, "a mortgagee in possession," and a mortgagor's only remedy against a "mortgagee in possession" is an action to redeem from the mortgage. Respondent cites West v. Bank-

ing Co., supra, in support of such contention. In that case it was stated that "the sole remedy against a mortgagee, who is in possession of the mortgaged land under the express or implied consent of the mortgagor, is through redemption from the mortgagee." Under the ruling in the West Case, respondent is not a "mortgagee in possession" unless the foreclosure was invalid. The present action is one seeking a judgment which, in effect, would hold respondent to be a "mortgagee in possession." Appellant has a right to have this fact determined. If determined in his favor, and he then seeks any remedy against respondent other than redemption—such as ejectment—it will be for the court to determine whether, under the law of the West Case, appellant is entitled to such remedy—which determination might perchance rest upon whether possession was voluntarily surrendered to respondent.

The judgment and order appealed from are reversed.

McCOY, J., not sitting.