Deuio, J.
 

 The statute requires the notice in the case of a foreclosure by advertisement to state the date of the mortgage and where recorded. (2 R. S., 546, § 4.) This notice gives the clerk’s office and the date of recording correctly, but there is an error in the number of the book. If there had been no reference to the number and page of the' book, but only a statement of the time of recording in the proper clerk’s office, I think •there would have been, a substantial compliance with the requirement of the statute. Conveyances are required to be recorded in the order of the time of delivery to the clerk for record. (1 R. S., 760, § 24.) A person being thus informed of the place in the series of recorded mortgages, where the one of which he is in quest might be found, would never be at a loss in laying his hand on it. This would not be,, a sufficient answer ■ if the act had required the volume and page to be stated; but it is not so precise in its requirements. The place where recorded would be sufficiently indicated by naming the office and the date of the record, and possibly.by the mention of the
 
 *189
 
 office alone. But here is a positive error; and the question is whether it is one calculated to mislead;' or rather whether the notice, considering the error which entered into it, fails to accomplish the object intended by the statute. We think it does not. ’ There being no book in the office of as high a number as the one mentioned, an inquirer would immediately recur to the other test of locality, the date, and could not fail • immediately to find the record. The case is within the maxim
 
 “falsa demonstratio non
 
 nocot.”
 

 It is also required that the notice should state the amount of the mortgage debt at the time of its first publication. The notice is dated the day before the day of publication in the newspaper, and the sum is stated to be the amount due on that day. Hence there is a failure literally to comply with the statutory direction. But we think the error is of too trifling a character to entail upon the whole proceeding a judgment of nullity. The interest for another day would be less than two cents. So far as the effect of a tender is concerned, there is no doubt but that the offer of the sum mentioned would have been sufficient as against, the holder of the mortgage. The interest for the additional day might be easily ascertained by one desirous of knowing the precise amount at the day of publication. The statute does not say that the amount shall be set down in dollars and cents, though that is doubtless the readiest manner of complying with its direction; but I am not convinced that •a statement that a particular amount was claimed to be due at a certain prior day, and that the mortgagee claimed that sum with interest from that time, would not be sufficient. On the whole, we think the objection was properly disposed of by the referee.
 

 The objection which assumes that according to the notice, it was the mortgage or mortgage debt and not the mortgaged premises which were advertised to be sold appears to be hypercritical. We are to read this paper in the sense which the parties interested, and the public who were invited to purchase, would have placed upon it. It is parcel of the law of the State that mortgages, in the form in use in this country, may be fore
 
 *190
 
 closed by advertising, where there has been a default in the payment of the mortgage debt, if no suit or proceeding at law has been prosecuted to recover it. When this notice recited these circumstances immediately after a description of the mortgaged premises, and proceeded to state that the same would be sold at public auction, no one we think could be so perverse as to understand that it was anything else than the land mortgaged which was to be so disposed of. A slight change in the punctuation, by changing the period into a comma before the word “ default,” and the insertion of a copulative conjunction at that place, all of which we think may be fairly understood, would make the sense perfectly plain. The defendants’ criticism is based upon the grammatical principle that words of reference relate to the last antecedent; but this, though a general rule, is not a universal one. Where the sense of the writer shows that a subject placed earlier in the sentence is the one intended to be referred to, that construction will be adopted.
 

 Although we do not find the notice liable to the exceptions which were taken against it on the trial, we would not advise its adoption as a precedent to be used in mortgage foreclosures. There was a point taken on the argument which had it been mentioned on the trial would have raised a question of more gravity than those we have been considering. The statute says that “notice that such mortgage will be foreclosed by a sale of the mortgaged premises or some part thereof shall be given,” &c. This notice does not intimate in any way that the sale which is spoken of is for the purpose of foreclosure, nor (what would be equivalent) that the sale is to be by virtue of a power of sale contained in the mortgage. We suppose that most persons would readily enough conjecture the purpose of the notice adopted in this case; but titles to land ought not to be left to depend upon vague inferences. We have noticed this feature in this case lest it might hereafter be supposed that this form of notice had been approved of by the court. We place the judgment of affirmance on the ground that none of the objections taken upon the trial were tenable, and that we
 
 *191
 
 are only to pass upon the points there plainly raised. The judgment must he affirmed.
 

 All the judges concurring,
 

 Judgment affirmed.