CANDEE v. BURKE, appellant.

*Mortgage — statutory foreclosure — omission to serve upon wife of owner — form of notice of sale — Ejectment — owner of conditional estate may maintain — Former adjudication — Evidence.*

In an action of ejectment, plaintiff offered in evidence certain foreclosure proceedings, to the admission of which defendant objected upon the ground that they were void. *Held,* that the receipt of surplus money upon the foreclosure did not preclude defendant from questioning the validity of the foreclosure proceedings, though it might be evidence in passing upon their regularity.

It was alleged by defendant that she was the wife of the owner (since dead) of the equity of redemption in the mortgaged premises and received no notice of the foreclosure proceedings. *Held,* that the only effect of her not being made a party to such proceedings was to leave her right of redemption unforeclosed. It did not affect the validity of the foreclosure as to the parties served.

The name of the mortgagee was omitted from the body of a notice of sale on foreclosure but signed at the bottom. *Held,* sufficient to meet the requirements of the statute.

*Held,* also, that the validity of the foreclosure proceedings could not be passed upon in an action to which the purchaser at the foreclosure sale was not a party.

Plaintiff held a conditional estate in fee. *Held,* that until the condition was broken he could maintain ejectment.

In a former action between the same parties, in respect to the same subject-matter (a real estate controversy), the question of adverse possession by defendant, which was one of the defenses in this action, was not litigated. *Held,* that the former action was no bar to that defense and evidence upon that question was admissible.

APPEAL by defendants in an action in which a judgment on a demurrer was affirmed at this term from the judgment on the merits. The action was ejectment, brought in Onondaga county, by William Candee against S. Angeline Burke and others.

*Noxon & Cowles* and *J. C. Hunt,* for respondent.

*Sedgwicks, Kennedy & Tracy* and *W. C. Ruger,* for appellants.

· MULLIN, P. J. This appeal is in the same action in which a judgment on the demurrer has just been affirmed, this being an appeal from the judgment on the merits.

The first defense denies the complaint, except two or three allegations. The second, third and fourth defense set up an adverse possession of one hundred acres secondly described in the complaint by Enos Burke, the husband of S. Angeline Burke, and the father of the other defendants, and since his death for more than twenty years prior to the beginning of the action. In the fifth defense it is alleged that S. Angeline was married to Enos Burke in 1839, and that during the time they lived together as husband and wife he became seized in fee of said one hundred acres secondly described in the complaint; that Enos Burke died in 1862, leaving said Angeline him surviving, that she had not joined him in any conveyance of said land, and that she is entitled to possession, etc., of one-third part of said land as and for her dower therein. In the sixth defense it is alleged that in August, 1842, Burke and said Angeline mortgaged said one hundred acres secondly described in the complaint, to one Remington for $1,800; that in 1844 said premises were sold on foreclosure of said mortgage, and bid in by one Hicks Worden; that S. Angeline Burke was not a party to such foreclosure. Enos Burke remained in possession claiming title, and the defendants have been in possession since his death, claiming title under Enos, that her right of dower has not been barred and she is now entitled to dower therein and to redeem the same. The seventh and eighth defenses set up adverse possession to the one hundred acres first described in said complaint. In the ninth defense Mary Burke alleges title to one-third of one-seventh the parcel thirdly described in said complaint. In the tenth defense the defendants allege that in August, 1844, an arrangement was made between Enos Burke and the plaintiff and Daniel Candee by which Burke was to convey to them the one hundred acres firstly described in the complaint and caused the other one hundred acres to be conveyed to them by Hicks Worden in order to defraud said Burke's creditors, and the conveyance was made accordingly. The eleventh defense is a like defense of fraud as to the other parcels of land described in the complaint. Defendants put in an amended answer in addition to the former answer, in which they allege that the said several parcels of land were conveyed to the plaintiff as security and subject to their right to redeem, and alleging that the whole amount advanced by the defendant had been paid and praying an accounting and conveyance. The defense set up in this answer, and such of the defenses in the former answer as

set up a counter-claim, were replied to, the reply setting up a former suit for the same cause of action in bar.

After the entry of judgment on the demurrer, the parties went down to trial on the issues of fact. The plaintiff gave in evidence deeds to himself and Daniel Candee of the two hundred acres described in the complaint, and a deed from Ruth Graham and others to the plaintiff of the remaining parcels. He also put in evidence the mortgage from Burke and wife to Remington, above mentioned, and offered the proceedings to foreclose said mortgage by advertisement, which evidence was objected to by defendants' counsel, on the ground that the mortgage had not been legally foreclosed.

The objections to the proceedings were : 1. That S. Angeline Burke was not served with notice of the sale, and her right of redemption remained, and that as to her interest there could be no recovery. 2. That the same right of redemption extends to the heirs of Burke, who are in possession with her 3. The foreclosure was absolutely void because the notice of sale did not contain the name of the mortgagee.

In order to meet and remove the objection to the foreclosure the plaintiff put in evidence a receipt from Burke for the surplus moneys arising from said sale, also the evidence of one Edwards, taken on a former trial, that "the surplus money was received by Burke and Worden."

It would seem to have been the opinion of the plaintiff's counsel, as well as of the court, that the receipt of the surplus money estopped Burke and those claiming under him from questioning the regularity of the foreclosure. It was said by the Chancellor in *Wood* v. *Jackson*, 8 Wend. 9, 31, that the receipt of the surplus money arising from a sale of land on execution did not preclude the owners from questioning the validity of the sale, as they had done nothing to encourage the purchasers to bid. I am unable to perceive any reason why the same principle should not be applied to the receipt by the mortgagor, or his representatives, of surplus money arising on the sale of the mortgaged premises. Although the receipt of the surplus money may not estop the party, it would seem to be evidence to be considered in passing on the question of the regularity of the proceedings. If the owner retain the surplus money no court would set aside the foreclosure without requiring him to refund what he had received.

The question recurs, was the foreclosure void because Mrs. Burke was not made a party, or because the mortgagee's name was not inserted in the notice? The only effect of omitting to serve on Mrs. B. was to leave her right of redemption unforeclosed, which she may assert at any time. It does not render invalid the foreclosure as to the other parties properly served.

Had the name of the mortgagee been altogether omitted from the notice, there would, perhaps, be some ground for holding the foreclosure irregular, as not complying with the requirements of the statute. But his name is signed to the notice of sale, and the mortgage is in all other respects correctly described. If the legislature in prescribing the contents of the notice intended to secure to the plaintiff accurate information as to the mortgage and description of the premises, and not strict compliance with its provisions, the notice in question gives effect to the intention. If any person desired to know who the mortgagee was, and who was not fully satisfied that the person signing the notice was such, he could readily inform himself by reference to the book in the clerk's office mentioned in the notice.

The case of *Judd* v. *O'Brien*, 21 N. Y. 186, is authority for holding that if the notice of sale gives to the public the means of ascertaining the facts required to be stated in the notice of sale by accurate reference to the record of the mortgage in the clerk's office, it is enough, and a strict conformity to the provisions of the statute is not essential to the validity of the foreclosure.

There is, however, another and more conclusive answer to the objection of defendants' counsel, and that is, that the sale cannot be declared void except in a proceeding to which the purchaser, Hicks Worden, is a party. He is not a party to this suit. Worden may have conveyed with covenants, and to declare the sale void is to divest him and his grantees of the title and to subject him to liability on his covenants. This surely should not be done without affording him an opportunity to be heard.

The defendants' counsel objected on various grounds to the admission in evidence of the judgment record in the former suit, and which was set up in the plaintiff's reply as a bar to the relief demanded in such former suit. It is unnecessary to consider these objections as the judgment on the demurrer that defendants' counsel permitted to be entered against his client, instead of asking leave to withdraw his demurrer, which, if done, would have left the reply denied,

rendered unnecessary any proof of the former action, as it was admitted for all purposes of the action by the demurrer. *Cutler* v. *Wright*, 22 N. Y. 472.

The will of Daniel Candee was properly received in evidence. The plaintiff took under a conditional estate in fee and until a breach of the condition he could maintain an action of ejectment. 4 Kent's Com. 123, 540 ; *Olmsted* v. *Harvey*, 1 Barb. 102.

The defendants' counsel claimed the right to give evidence in support of his defenses setting up adverse possession by the defendants and their ancestors for more than twenty years before suit was brought. The court refused to permit such evidence to be given, holding that the judgment in the former action was a bar to the defense of adverse possession. To which ruling the defendants' counsel excepted.

The only subject for inquiry is, whether the question of adverse possession was involved or decided in the former action. If it was, the judgment in that case forbids an investigation of that subject in this action. No such allegation is made in the complaint in the former action, nor is there any adjudication on that question. Indeed, a claim of adverse possession in that action would have been inconsistent with the claim for redemption resulting from the relation of mortgagor and mortgagee. I entertain no doubt but that the defendant was entitled to give evidence on the trial under his defenses of adverse possession.

The defendant cannot be permitted to set up the alleged combination between Enos Burke and Daniel Candee, and the defendant, to defraud the creditors of said Burke ; with that question they have nothing whatever to do. Burke could not set up any such defense, and his heirs are estopped as well as himself.

If the defendant Mary Burke is entitled to any share of said lands, the share can be ascertained on the next trial.

The judgment must be reversed, and new trial granted, costs to abide event.

*Judgment reversed, and new trial granted.*