MARGARET McCARDIA *vs.* CHRISTOPHER C. BILLINGS.

Opinion field Oct. 31, 1901.

### Mortgage—Certificate of Acknowledgment—Clerical Error.

A certificate of acknowledgment of a mortgage by husband and wife of their homestead recited that they (naming them) personally appeared before the notary, and were known by him to be the "person" who "are" described in the foregoing instrument, and who executed the same, and acknowledged that "he" executed the same. *Held*, that the certificate showed an acknowledgment of the mortgage by both.

### Use of Singular—Plural Meant.

Upon the facts recited, *held*, that the use of the words "he" and "person" was clearly a clerical error, when considered in connection with the entire certificate.

### Contradiction of Signature.

Evidence of the wife, denying that she ever executed the mortgage in question, considered, and *held*, that her testimony does not overcome the probative weight of the notary's certificate by that clear and convincing proof adopted as the rule to determine such cases.

### Notice of Foreclosure Sale Under Power—Mistake.

The notice of foreclosure sale required in foreclosures under a power of sale in the mortgage gave the date of the mortgage incorrectly. This incorrect date was given in all foreclosure papers, including the deed. Such notice correctly stated the mortgagor's and mortgagee's names, as well as the correct time and place and volume and page of the recording of the mortgage. The land was also correctly described, and the correct amount due given. *Held*, that the foreclosure was not void in view of the fact that no prejudice was shown or claimed.

### Substantial Compliance with Statute.

In such a case it is *held* that substantial compliance with the requirements of the statute as to the contents of notice is necessary only, unless prejudice is shown.

### Defective Acknowledgment Legalized.

The deputy sheriff making the sale correctly executed the certificate of sale in the name of the sheriff, per himself as deputy. The acknowledgment was erroneous in that the deputy did not acknowledge it for himself personally and in behalf of the sheriff. *Held*, that the defect, even if fatal, was legalized by § 3585, Rev. Codes, enacted in 1887.

Appeal from District Court, Pembina County; *Kneeshaw*, J.

Action by Margaret McCardia against Christopher C. Billings and others. Judgment for defendants, and plaintiff appeals

Affirmed.

*Spencer & Sinkler*, (*Tracy R. Bangs*, of counsel), for appellant.

The mortgage of a homestead must be signed and acknowledged by both husband and wife. § 2451 Comp. Laws, § 3608, Rev.

Codes; *Myrick* v. *Billings*, 5 Dak. 167. Plaintiff testified that she never signed or acknowledged the instrument, and the notary does not certify that she did. Nothing will be presumed in favor of a notary's certificate of acknowledgement. *Harty* v. *Ladd*, 3 Or. 353; *Lindlie* v. *Smith*, 46 Ill. 523; *Danglarde* v. *Elias*, 22 Pac. Rep. 69; *Hand* v. *Weidner*, 25 At. Rep. 38; *Wetmore* v. *Laird*, 5 Biss. 160. Plaintiff not having acknowledged the mortgage, the certified copy has no evidentiary value to prove its execution. *Gale* v. *Shillock*, 4 Dak. 192; *Meskiman* v. *Day*, 10 Pac. Rep. 14; *McGinnis* v. *Egbert*, 5 Pac. Rep. 652; *Maxwell* v. *Higgins*, 57 N. W. Rep. 389; *Hunt* v. *Selleck*, 24 S. W. Rep. 213. The date of the mortgage not having been stated in the notice of sale the foreclosure by advertisement was void. Code, 1877, § 601. This statute is similar to the Minnesota statute. Minn. St. 1894, § 6033; *Clifford* v. *Tomlinson*, 62 Minn. 195, 64 N. W. Rep. 381; *Martin* v. *Baldwin*, 16 N. W. Rep. 447; *Mason* v. *Goodnow*, 42 N. W. Rep. 482; *Peasley* v. *Ridgway*, 84 N. W. Rep. 1024. The advertisement of the sale should fully comply with the terms of the power, and a bare literal compliance is not enough. 2 Jones M'tgs., 1839; *Roche* v. *Farnsworth*, 106, Mass. 509; *Hoffman* v. *Anthony*, 6 R. I. 282. The sheriff's certificate was void because not acknowledged. § 5420, Comp. Laws; § § 5853, 5538, Rev. Codes. The sheriff's deed was not entitled to record because not properly acknowledged. *Gale* v. *Shillock*, 4 Dak. 192; *Meskiman* v. *Day*, 10 Pac. Rep. 14; *Maxwell* v. *Higgins*, 57 N. W. Rep. 389; *Lydiard* v. *Chute*, 47 N. W. Rep. 967; *McGinnis* v. *Egbert*, 5 Pac. Rep. 652. Section 3491a, Rev. Codes, is retroactive and unconstitutional. *Sharpe* v. *Malkenship*, 59 Cal. 288. The statute, if given effect, would take away vested rights. *Moore* v. *Brownfield*, 34 Pac. Rep. 199; *Sear* v. *Choir*, 32 Pac. Rep. 776; *Tacoma Bridge Co.* v. *Clark*, 36 Pac. Rep. 135; *Mecklin* v. *Blake*, 99 Am. Dec. 68. Defendants cannot take advantage of this statute if unconstitutional, because the first payment of taxes was made by grantors of defendant on the 1st day of October, 1890, and the statute did not begin to run in their favor until said day. This action was commenced April 3rd, 1900, and the bar had not fallen. *Lyman* v. *Smilie*, 87 Ill. 259; *Burlion* v. *Ferrie*, 23 N. E. Rep. 60; *Hurbut* v. *Bradford*, 109 Ill. 297; *Beaver* v. *Taylor*, 68 U. S. 637.

C. J. *Murphy*, for respondents.

A certificate of acknowledgement cannot be impeached except upon proof which clearly shows it to be false and fraudulent. *Percau* v. *Frederick*, 22 N. W. Rep. 235; *Hourentine* v. *Schnoor*, 33 Mich. 274. In the absense of fraud a court will not allow the statutory mode of proving the acknowledgement to be impeached by parol that the parties did not make the acknowledgement as certified by the officer. *Graham* v. *Anderson*, 42 Ill. 514; *Lickmon* v. *Harding*, 65 Ill. 505; *Lowry* v. *Orr*, 1 Gilm. 70. The fact that the date of the mortgage in the notice of foreclosure, sheriff's certificate and deed was incorrectly given does not vitiate the foreclosure. *Reading* v. *Waterman*, 8 N. W. Rep. 692; *Lee* v. *Cleary*, 38 Mich. 223; 2 Jones

Mtgs. 1854; *Iowa Inv. Co.* v. *Shepherd*, 66 N. W. Rep. 451; *Bacon* v. *Ins. Co.*, 131 U. S. 131; *Judd* v. *O'Brien*, 21 N. Y. 186; *Hoyt* v. *Powtucket*, 110 Ill. 390; *Candee* v. *Burk*, 1 Hun. 546. The defective certificate of an acknowledgment upon the sheriff's certificate of sale did not vitiate the foreclosure. The foreclosure transferred the title. The certificate executed pursuant thereto was simply evidence of that transfer. The certificate, and the recording of it, is simply for the protection of third parties. The provisions requiring same are not mandatory but directory only. *Jackson* v. *Young*, 5 Cow. 269; *Barnes* v. *Kerlinger*, 7 Minn. 82; *Robbins* v. *Rice*, 7 Gray 202. Failure on the sheriff's part to record the certificate of sale within ten days is not fatal to the validity of the same. *Johnson* v. *Day*, 50 N. W. Rep 701. If the certificate was not properly acknowledged, still there was an acknowledgement which, at most, can only be said to be defective, and such defectiveness was cured and made proper evidence by statute. § 3585, Rev. Codes, 1899. Had the deputy given the certificate in his own name without mentioning his principal, this irregularity would not have invalidated the sale. *Hodgdon* v. *Davis*, 50 N. W. Rep. 478. Appellant, having slumbered on her rights, if she had any, for over sixteen years, should not be permitted at this day to question the validity of the sheriff's sale on foreclosure, through which respondents claim. After this lapse of time every apparent defect is to be supplied by intendment. *Bergen* v. *Bennett*, 1 Caines Cas. 1; *Demarest* v. *Wynkop*, 3 Johns, Ch. 145; *Butterfield* v. *Farnham*, 19 Minn. 92; *Menard* v. *Crowe*, 20 Minn. 452; *Hamilton* v. *Lubukee*, 51 Ill. 415; *Bacon* v. *Ins Co.*, 131 U. S. 131; *Powers* v. *Kitching*, 86 N. W. Rep. 737, 10 N. D. 254, Section 3491a, Rev. Codes, 1899, is valid though retroactive. It is a statute of limitations. Statutes identical in language have been so held, and sustained as constitutional on that ground. *Irving* v. *Brownell*, 11 Ill. 402; *Woodward* v. *Blanchard*, 16 Ill. 424; *McConnell* v. *Street*, 17 Ill. 255; *McClelland* v. *Kellogg*, 17 Ill. 498; *Harding* v. *Butts*, 18 Ill. 502; *Newland* v. *Johnson*, 19 Ill. 380; *Newland* v. *Marsh*, 19 Ill. 352; *Hinchman* v. *Whetstone*, 23 Ill. 114. The period prescribed in this law within which suit could be brought as to existing causes of action was sufficient. The time allowed for creditors to commence their actions was reasonable, and, whether reasonable or not, it was a question within the exclusive province of the legislature to determine. *Smith* v. *Harrison*, 22 Pick. 430. The following cases illustrate what time has been held reasonable within which suits may be brought under limitation statutes: *Duncan* v. *Menard*, 32 Minn. 460, 21 N. W. Rep. 71; *Berliner* v. *Waterloo*, 14 Wis. 378; *State* v. *Bailey*, 16 Ind. 46; *Parsons* v. *Baird*, 2 Greene (Ia.) 235 *Howell* v. *Howell*, 15 Wis. 60; *Stine* v. *Bennett*, 13 Minn. 153; *Bigelow* v. *Bemis*, 2 Allen 496; *Smith* v. *Harrison*, 22 Pick. 430; *Holcombe* v. *Tracey*. 2 Minn. 241; *Turner* v. *New York*, 168 U. S. 90; *Osborne* v. *Lindstrom*, 81 N. W. Rep. 72; *Power* v. *Kitching*, 86 N. W. Rep. 737; *O'Brien* v. *Gaslin*, 30 N. W. Rep. 374; 13 Enc. L (1 Ed.) 696, Note 3. The tax sales alleged to have

been made did not interrupt the running of the statute. *Griffith* v. *Smith*, 42 N. W. Rep. 747; *Parsons* v. *Viets*, 9 S. W. Rep. 909; *Hayes* v. *Martin*, 45 Cal. 559. Payment of taxes may be proved by parol or circumstantial evidence. *Swanson* v. *Mynair*, 79 Fed. Rep. 898; *Hinchman* v. *Whetstone*, 23 Ill. 100. Full possession of the land, under claim of title, was had by the respective owners or claimants continuously for more than ten years prior to suit, and if the doctrine of tacking is permissable under this statute, respondent is within its terms. Titles and possessions may be tacked where there is privity between the parties, and they all flow from an original source. *Brandt* v. *Ogden*, 1 Johns. 156; *Jackson* v. *Thomas*, 16 Johns. 293; *Winslow* v. *Newell*, 19 Vt. 164; *Ward* v. *Bartholomew*, 6 Pick. 410; *Overfield* v. *Christie*, 7 Serg. & R. 173; *Stettnesche* v. *Lamb*, 26 N. W. Rep. 375; *Murray* v. *Romine*, 82 N. W. Rep. 318; *Lantry* v. *Wolff*, 68 N. W. Rep. 494; *Woodruff* v. *Roydsen*, 58 S. W. Rep. 1067; *Webber* v. *Clark*, 15 Pac. Rep. 431; *McNeely* v. *Langan*, 22 O. St. 32; I Am. & Eng. Enc. L. 642.

MORGAN, J. This action was instituted for the purpose of determining conflicting claims to the real estate described in the complaint, and for the purpose of securing possession of such real estate. The complaint is in the usual form in such actions, and sets up the ownership of the lands by plaintiff, and that the defendants are in possession thereof, and claim an estate and interest therein adverse to the plaintiff, and that such claim is without any right, and their possession wrongful. The answer alleges that the defendants, Christopher C .Billings and Rebecca E. Billings are in possession of said premises, and entitled to the possession of the same, under the following facts: That on the 10th day of October, 1884, one William McCardia and Margaret McCardia made and delivered their joint mortgage of the premises described to one Joseph Chapman, which said mortgage was by them duly acknowledged and which was duly recorded in the office of the register of deeds of Pembina county on the 16th day of October, 1884. That default was made in the payment of said mortgage, and that said mortgage was by the said Chapman duly foreclosed and sold under a power of sale contained in said mortgage; and that such foreclosure and sale were conducted in accordance with all the conditions and terms of such power of sale, and in compliance with all the provisions of the statute pertaining to foreclosure of mortgage under powers of sale by advertisement. That one Sarah Chapman was the purchaser of said lands under such foreclosure sale on the 8th day of January, 1886. That she received a deed of said lands from the sheriff of said county after the one year provided by law for a redemption from such sale had expired, and on the 25th day of January, 1887. That she immediately thereafter went into possession of such lands, and remained in possession of the same until the 14th day of January, 1889, when she conveyed the same, by deed of warranty, to one Barnaby, and said Barnaby reconveyed said lands to Sarah Chap-

man on the 1st day of September, 1893, and that she remained the owner and in possession thereof until about April 23, 1895, when she sold and conveyed the same to the defendants Billings by a contract for a deed under the crop payment plan; and that said Billings immediately went into possession of said lands under said contract to purchase, and remained in possession thereof continuously ever since. That on June 17, 1899, the said Sarah Chapman conveyed said premises to the defendant Rebecca Billings by a deed of general warranty, pursuant to the provisions of said contract of purchase entered into in April, 1895. The answer further alleges that the defendant Geo. B. Clifford is the owner of one certain mortgage given to him by the defendants C. C. Billings and Rebecca E. Billings to secure the payment of the sum of $1,400, which said mortgage was thus given on May 11, 1899, and duly filed for record, which said mortgage is still in force and unpaid. The plaintiff, by a reply, placed in issue all of the allegations of the answer by a general denial. The trial court, after hearing the evidence, made findings of fact, wherein it found that all of the allegations of the answer were true and proven, and that the plaintiff had no rights to or interest in said lands, and ordered the action dismissed. Judgment was entered pursuant to such findings of fact and conclusions of law. The plaintiff appeals from such judgment, and demands a trial de novo in this court.

On the trial in the district court the defendants offered in evidence a certified copy of the record of the mortgage given by the plaintiff, Margaret McCardia, and her husband, William McCardia, now deceased, upon the lands involved in this suit, being at the time the homestead of the said mortgagors. A stipulation was entered into between the attorneys that such certified copy might have the same force and effect as the original would be entitled to receive if offered in evidence. The plaintiff, however, objected to the introduction of such certified copy upon the ground that the same was incompetent, irrelevant and immaterial, and under such objection it is specifically urged that the acknowledgment of such mortgage was not in compliance with the statute relating to acknowledgments, and did not, therefore, entitle the same to be recorded. The acknowledgement of such mortgage was in form as follows, to-wit: "Territory of Dakota, County of Pembina—ss.: On this 10th day of October, in the year one thousand eight hundred and eighty-four, before me, John V. McIntire, a notary public in and for said county and territory, personally appeared William McCardia and Margaret McCardia, known to me to be the person who are described in and who excuted the within and foregoing instrument, and acknowledged to me that he executed the same. John V. McIntire, Notary Public, Dakota Territory. [Notarial Seal.]" It must be conceded that, if the acknowledgment of the mortgage was so defective that it would not have entitled the mortgage to be recorded in the office of the register of deeds, then the certificate of the acknowledgment alone would not be any evidence of the execution of the mortgage.

There was no evidence in the case of the execution of the mortgage unless the same was furnished by the certificate of acknowledgment. It is also true that the certificate of acknowledgment must contain a substantial compliance with the statute pertaining to acknowledgments; that is, that the certificate must contain a statement of every fact that the statute prescribes shall be incorporated therein. If the statute prescribes a form for a certificate of acknowledgment, as it does in this state, the language prescribed for such certificate need not be followed; but the certificate will be held to be sufficient if the certificate used is the same in substance as that prescribed by the statute. It is also true, as a matter of law, that obvious errors or omissions, clearly appearing upon the face of the certificate to be clerical in their nature, will not invalidate the acknowledgement, and, before the certificate will be held fatally deficient, there must be an absence of some essential fact of a substantial character. Before we enter upon a consideration of the certificate here involved, it may also be conceded that no presumptions or intendments will be indulged in favor of the certificate; on the contrary, it must affirmatively appear from the certificate itself that every fact necessary to be stated therein is stated therein in substance and effect. Courts, however, will construe the language of certificates of acknowledgment liberally, and hold them valid if that can be done by a fair and reasonable construction of the language used.

Turning now to the acknowledgment of the mortgage in question, we find that it unequivocally appears that William McCardia and MargaretMcCardia personally appeared before the notary. The words immediately following their names in the certificate, to-wit: "known to me to be the person," considered in connection with the words "who are described in," show beyond question that the word "person" refers to William McCardia and Margaret McCardia. If it does not refer to these two grantors, then the verb "are" obviously would not have been used. The omission of the letter "s" from the word "person" was obviously a clerical omission. The pronoun "he" refers to the word "person" preceding it in the same sentence. It would render the whole sentence useless and meaningless, so far as Margaret McCardia is concerned, to place upon it the construction that she appeared before the notary, and acknowledged that her husband acknowledged the execution of the mortgage. Either that construction must be placed upon it, or we must hold that the word "he" was not changed to "they" through a clerical oversight. In *Montgomery* v. *Hornberger* (Tex. Civ. App.) 40 S. W. Rep. 628, the word "the" in an acknowledgement should have read "they" With the word "the" in the certificate, it was not expressive of anything, and the court held that leaving off the "y" was a clerical error, and upheld the certificate as sufficient. To invalidate the certificate in this case would be a strained and technical construction of the language used, and a violation of the principle, well established, that substance shall control, and obvious errors be disre-

garded. It follows, therefore, that the instrument was duly acknowledged by the plaintiff, and that such acknowledgment entitled it to be recorded in the register's office, and that the certified copy of the record of such mortgage in the register of deed's office was proof, prima facie at least, of the due execution of the mortgage under the stipulation as to the effect to be given to such certified copy entered into between the attorneys at the trial.

In her testimony the plaintiff denies that she ever signed or executed the mortgage in suit. Her execution of the mortgage purports to have been by making her mark, and to have been witnessed by three persons, none of whom—nor the notary—having been called as witnesses at the trial. So far as the defendants are concerned, proof of the execution of the mortgage rests upon the notary's certificate of her acknowledgment, considered in connection with her conduct in relation to the land involved since the year 1885. So far as respects plaintiff's evidence, to the effect that she never executed the mortgage, it rests solely upon her own uncorroborated denial that she ever signed or executed it. Her testimony to the effect that she did not execute the mortgage is not convincing to our minds. When asked on cross-examination whether she had ever executed an instrument in the presence of the Purdys,—who were subscribing witnesses to the execution of this mortgage, as indicated by the certified copy,—she answered, "Not that I know of." To the question, "You have no recollection?" she answered, "I might have all right enough." Her conduct in reference to the land involved in this suit tends strongly to refute her contention that she did not execute the mortgage, and is strongly corroborative of the certificate of the notary that she executed and acknowledged the execution of the mortgage. She left this land, and removed to Grafton, in the spring of 1885. The land was then mortgaged, there being other mortgages thereon besides the one in suit which was being foreclosed in the latter part of 1885. Her explanation for the abandonment of the land by herself and husband is not satisfactory, and leads to the inference that they left the land on account of the incumbrances on the land. She has resided ever since at Grafton, not very far from the land, and has not paid any attention to it since. It does not appear that she has paid any attention to the land since, nor to the payment of taxes, interest, or the principal indebtedness. Her conduct tends to show an abandonment of the land and a knowledge of the foreclosure. A silence so long continued—nearly 15 years—is not easily reconcilable with her contention now that the mortgage was forged. In view of these undisputed facts, we feel no hesitation in saying that she has entirely failed to overcome the probative force of the certificate of acknowledgment, conceding that such certificate raises only a prima facie presumption of its genuineness by that clear and convincing proof required in this class of cases. The general rule is that the certificate of acknowledgment will be held valid as against the unsupported evidence of the person certified to have executed it. *Oliphant* v. *Liversidge*, 142 Ill. 160,

30 N. E. Rep. 334; I Am. & Eng. Enc. Law (2 Ed.) page 560, and cases cited; *Smith* v. *Allis*, 52 Wis. 337, 9 N. W. Rep. 155. There are cases to be found adverse to this general rule, and it is true that it is difficult, if not impossible, to lay down an invariable rule in this class of cases, as much depends upon the weight to be attached to the testimony of the grantor, considered in view of the facts and circumstances of each particular case.

The notice of sale under which the mortgage was foreclosed, and all papers subsequently executed by the sheriff in connection with such foreclosure, contained a mistake as to the date of the mortgage. The notice and other papers gave the date of the mortgage as October 1st, when it should have been given as October 10th. It is earnestly insisted that such mistake renders the foreclosure sale and all subsequent acts of the sheriff pertaining to the foreclosure void. The statute under which the foreclosure was made (Rev. Codes 1877, § 601) prescribes that the notice of sale must specify the date of the mortgage, and, among other things, the names of the mortgagor and mortgagee, the amount claimed to be due, and a description of the land. The notice in this case correctly gave the names of the mortgagors and mortgagee, the time, place, volume, and page where the mortgage was recorded, and a correct description of the land, together with the correct amount due. A similar question arose in the supreme court of Michigan in 1881. *Reading* v. *Waterman*, 8 N. W. Rep. 691. That court held the foreclosure valid, and used the following language: "We are therefore of opinion that none of the mistakes were substantial, or operated in any way to the prejudice of Waterman." That case was appealed to the supreme court of the United States, and is reported under the title of *Bacon* v. *Ins Co.*, 131 U. S. 258, 9 Sup. Ct. 787, 33 L. ed. 128. That court, after intimating that it would follow the decision of the Michigan court, as involving a construction of a state statute by the highest court of the state, although it might doubt the correctness of the decision as an original proposition, uses this language: "The reasoning of the Michigan supreme court, in our opinion, is sound, and its conclusion correct." In that case the defect in the notice differed from the defect in the case at bar, in this: in that case the date of the mortgage was stated once correctly and once incorrectly. But the identical question involved in this appeal came before the supreme court of Michigan again in *Brown* v. *Burney*, 87 N. W. Rep. 221. In this last case that court says: "The notice contained a correct date of the recording of the mortgage and the volume and page in which it was recorded. This error in setting out the date of the mortgage did not invalidate the notice. No one could be misled by it, as the mortgage was otherwise fully identified." In *Morgan* v. *Joy* (Mo.) 26 S. W. Rep. 670, the notice of foreclosure correctly gave the date of the mortgage, and the book and page where recorded, but failed to state the time of recording. The court says: "But, if the law be construed as meaning that the notice should give the date of the record, still a failure to state the date of the record, the

book and page of the record being stated, would not render the sale void." The precise question involved in this appeal came before the supreme court of Missouri in *Baker* v. *Cunningham,* 62 S. W. Rep. 445. Regarding such omission, under a statute similar to this statute, prescribing what the notice shall specify, the court says: "The trial court properly held that the statement in the trustee's advertisement that the deed of trust was made in 1874, when in fact it was made in 1881, did not mislead the plaintiffs, or any one else, and therefore it was immaterial. The immateriality in this error of date is made more manifest when it is remembered that the trustee's notice described the deed of trust as having been made by Alexander McCausland and Sarah E., his wife, and stated that it was recorded in Book D, at page 562, of the records of Johnson county." The supreme court of South Dakota, in commenting on the essentials of a notice of foreclosure on a matter not at all similar to the point here involved, says: "Evidently the object of the notice contemplated by statute is to fully advise all interested persons and the general public of the existence of conditions which authorize a foreclosure by advertisement; and, even though the words of the statute be not employed, its requirements are sufficiently complied with when such notice is reasonably certain and clear as to the names of the mortgagor and mortgagee, the amount claimed to be due thereon at the time of the notice, the time and place of sale, together with a description of the premises to be sold, which conforms substantially with that contained in the mortgage. Mere inaccuracies, not calculated to be misleading, are insufficient to invalidate a sale in the absence of a claim that any one has been injured. *Investment Co.* v. *Shepard,* 8 S. D. 332, 66 N. W. Rep. 451. In *Judd* v. *O'Brien,* 21 N. Y. 186, the court says in the syllabus: "It is sufficient that the notice of foreclosure of a mortgage specify the place where the mortgage is recorded and the date. A mistake in the number of the mortgage book will not vitiate it if it could not have misled." The rule laid down in that case is that substantial compliance with the provisions of the statute is sufficient. See, also, *Candee* v. *Burke,* 1 Hun. 549, These authorities hold that a strict compliance with the statute regulating what a notice of foreclosure by advertisement must contain is not necesary; that a substantial compliance is sufficient, and that the want of strict and literal compliance with the statute will not be fatal to the foreclosure in a case where no prejudice is shown or suggested. We hold that the statute is substantially complied with when the notice itself states facts correctly pertaining to the record, which record, if examined, would conclusively show the error in the notice. We are aware that the supreme court of Minnesota has, in a number of cases, held that a substantial compliance with the statute is not sufficient, and that it has recently held in *Clifford* v. *Tomlinson,* 64 N. W. Rep. 381, that the remedy provided by the statute pertaining to foreclosures by advertisement must be "strictly and closely pursued." We deem the rule of substantial compliance sustained by the weight of authority more consonant with principles

of justice and less liable to work hardships. Some latitude and liberality in construction is fraught with no evil consequences when the substance of all the requirements of the statute is present in the notice, and no claim of prejudice is made, or of having been misled, It is better, in our opinion, to adopt a construction giving practical effect to this statute, and to so construe it as to give some security to titles, when that can be done without doing violence to the intention of the legislature in enacting that law. The intention was to secure to the mortgagor and to those desiring to bid or to redeem from the sale sufficient information from which they could and can act. In cases of foreclosure by advertisement under a power of sale the power is created by the express contract and consent of the mortgagor. The statute only prescribes what shall be done to effectuate the terms and conditions of the power. The proceedings in such foreclosures are therefore based on the mortgagor's contract, and are largely for his benefit. Hence no such strictness should be or is required in these foreclosures as in cases of proceedings by the state ex parte, and of a hostile nature, such as are taken in tax or other similar proceedings. *Lee* v. *Clary,* 38 Mich. 223.

The foreclosure sale in this case was made by the deputy sheriff, who issued the certificate of sale, and acknowledged the same before a notary. The acknowledgment was by the deputy sheriff without any acknowledgment by the deputy on behalf of the sheriff. The certificate of sale was regularly executed in the name of the sheriff by and through the deputy, but the name of the sheriff was not mentioned in the certificate of acknowledgment. At that time the statute did not prescribe any special form nor requirements as to the manner of acknowledging instruments by deputy sheriffs. The proper way undoubtedly would have been for the deputy to have acknowledged the certificate for himself and also on behalf of his principal, the sheriff. The certificate, as acknowledged, was duly recorded. It is claimed that the failure to properly acknowledge the certificate rendered it inadmissible as evidence of its execution, or of any fact, and that it was void, and rendered the sale void, and that it passed no title. This court has held that the failure to file such certificate within the 10 days fixed by the law during which it may be filed does not affect the sale nor the title of the purchaser, and that the statute regulating the time of filing such certificate is directory, and not mandatory. *Johnson* v. *Day,* 2 N. D. 259; 50 N. W. Rep. 701. We think the reasoning in that case is applicable to the facts in this case; that the failure of the officer to conform to the requirements of the statute should not be held to affect the sale in any way. However, without deciding the effect of such an acknowledgment. and conceding it to have been fatally defective, still the plaintiff could not prevail upon this last contention. There was an acknowledgment by the deputy, and the most that can be claimed against it is that it was fatally irregular in not making the acknowledgment on behalf of the sheriff as well as for himself. Section 3585, Rev. Codes, was passed after the acknowledgment in question

·was taken. This law, passed in 1887, expressly cures and legalizes .all defective acknowledgments of certificates of sale made by deputy sheriffs theretofore. By its very terms this section refers to all acknowledgments made by deputy sheriffs, "either by or for himself as such deputy or in the name of or for his principal," and such provision clearly covers the alleged defect in the certificate in question, and gives to such certificates the same force and effect as though ·originally properly acknowledged. As to the power of the legislature to enact a general law curing and legalizing all acknowledgments, no question is made. We therefore hold that the certificate of sale was properly received in evidence.

This disposes of all the objections raised to the foreclosure. It follows that the judgment must be affirmed, and it is so ordered. All ·concur.