JOHN H. KYLLONEN, Appellant, v. ACME HARVESTING MACHINE COMPANY, a foreign corporation, EMERSON BRANTINGHAM IMPLEMENT COMPANY, a foreign corporation, and ANDREW F. LEHR, Defendants.

ANDREW F. LEHR, Respondent.

(182 N. W. 249.)

Mortgages — Substantial compliance with statutory notice of foreclosure sale sufficient.

1. Following McCardia v. Billings, 10 N. D. 373, 87 N. W. 1008, the rule of substantial compliance in the statutory notice of a mortgage foreclosure sale applies.

Mortgages — misspelling of mortgagor's name in foreclosure notice held not to render foreclosure void.

2. A typographical error in the spelling of the name of the mortgagor in a published notice of foreclosure sale, does not render the fore-

closure void where the notice correctly describes the mortgagee, the date of making and filing the mortgage, and the book and page where the same has been recorded, and where further, no prejudice is shown.

**Mortgages — dating foreclosure notice one day prior to filing assignment held not to invalidate foreclosure.**

3. The dating of a mortgage foreclosure notice one day anterior to the time of filing for record the assignment of such mortgage, which time of filing is described in the notice does not render the foreclosure invalid where it appears that such dating is a mere clerical error.

Opinion filed March 17, 1921.

Action to determine adverse claims in District Court, Logan County, *Allen J.* The plaintiff has appealed from the Judgment and it has demanded a trial de novo.

Affirmed.

*A. B. Atkins,* and *F. J. Graham,* for the appellant.

"The proceedings in foreclosure by advertisement is one in derogation of common law and the remedy must be strictly and closely pursued."

Clifford v. Tomlison, (Minn.) 64 N. W. 381; 84 N. W. 1024 (Minn.); 16 N. W. 499 (Minn.).

The issuance of the notice of sale was a commencement of the foreclosure proceedings and that under the statute at that time it was essential that an assignment of the mortgage be placed on record showing the record title ownership in the mortgage to be the party signing the foreclosure notice.

3 Dak. page 345, 17 N. D. page 235 and Section 8077, C. L. 1913.

*Burfening & Conmy,* for respondent.

The true rule is whether or not the inaccuracies in the notice are such as misled or prejudice the parties or the public, and that rule is set forth in McCardia v. Billings, 10 N. D. 373; Inv. Co. v. Shepard, 66 N. W. 451; Colgan v. McNamara, 16 R. I. 554; 18 Atl. 157; Hoffman v. Anthony, 6 R. I. 282.

Notice of foreclosure sale which did not properly name the mortgagees was held to comply sufficiently with the statute.

Cook v. Lockerby, 16 N. D. 19.

BRONSON, J. This is an action to determine adverse claims concern-ing 120 acres of land in Logan County. The plaintiff has appealed from the judgment quieting title in the respondent Lehr, and demands a trial de novo. U. S. patent was issued to the plaintiff in February 1914. In June 1913 he gave a mortgage upon the land to Dean & Company to secure $400.00. On December 12th, 1916 this Company assigned the mortgage to the Service Company which assignment of mortgage was filed and re-corded on Jan. 25th, 1917. Foreclosure proceedings by advertisement were afterwards instituted upon this mortgage by the Service Company. The notice of mortgage foreclosure sale is dated Jan. 24th, 1917; therein it describes the mortgagor as John H. Hyllonen, single, instead of John H. Kyllonen, single, as described and signed in the mortgage. This notice re-cites that the assignment of the mortgage was filed for record on January 25th, 1917. It otherwise correctly describes the mortgagee, the date of the mortgage, the date of its filing in the office of the Register of Deeds, and the book and page therein where it was recorded. It fixed the date of foreclosure upon March 19th, 1917. This notice of foreclosure sale was published in a newspaper for six successive weeks commencing on Febru-ary 9th, 1917 and ending March 17th, 1917 without any change. On Jan-uary 29th, 1917, the attorneys affidavit was filed for record correctly re-citing the name of the plaintiff as mortgagor. On March 17th, 1917 sher-iffs certificate was issued upon the foreclosure sale had to the Service Company wherein the name of the mortgagor was described correctly as stated in the mortgage.

The affidavit of registered mailing by the Register of Deeds of a copy of the printer's affidavit of the publication of the foreclosure notice (as contained in the abstract stipulated in the record) is dated March 27, 1917, and recites the correct name of the plaintiff. However, in the copy of this affidavit (Exhibit F) offered in evidence, the name of the mort-gagor is stated as in the notice of sale. In evidence was offered the record of a registered letter through the post office department which shows that on March 27th, a registered letter was sent to the plaintiff, John H. Kyllonen and was signed by the plaintiff. Evidence was further offered that the plaintiff personally signed the registered receipt for such letter and personally received such registered letter. On March 28th, 1917 the Sheriff's certificate of foreclosure sale was assigned to the defendant Lehr, pursuant to which, on March 25th, 1918, a sheriff's deed was issued for the land involved.

There is also evidence in the record by the plaintiff himself to the effect that he received this registered letter; that he saw an attorney about this foreclosure and attempted to make some settlement concerning such foreclosure prior to the time of the expiration of redemption. The plaintiff contends that the foreclosure proceedings are invalid for two reasons, (1) because of the improper recital of the name of the mortgagor in the notice of foreclosure sale, and, (2) because it appears that the assignment of the mortgage to the Service Company was not filed for record until one day after the date stated in the notice of sale. In this State the rule has been stated by this court that in a foreclosure sale," the statute is substantially complied with when the notice itself states facts correctly pertaining to the record, which record, if examined would conclusively show the error in the notice" and, further, that the rule of substantial compliance applies instead of strict and literal compliance. McCardia v. Billings, 10 N. D. 373, 381; 87 N. W. 1008. 88 Am. St. Re. 729, Sec. 27 Cyc. 1468. This is particularly so when no prejudice is shown or suggested. In the case at bar, it is very apparent that the error in the notice of sale was merely a typographical error. The notice otherwise correctly describes the mortgage, the parties and the land, and a mere reference to the record would conclusively show the fact of the typographical error. Furthermore, subsequent proceedings were had in the foreclosure sale as if the foreclosure proceedings were had throughout against the plaintiff properly described as the mortgagor, and as stated in the mortgage. To him, was mailed the registered letter of foreclosure sale, which was received by him properly addressed in a letter registered to him in his correct name. Prejudice is neither shown nor suggested upon this record.

The statute, Sec. 8080 C .L. 1913 does not require the notice of sale to be dated. It sufficiently appears that the assignment of the mortgage was duly filed and recorded at least two weeks prior to any publication of the notice. Manifestly again the date stated in the notice as the date is a clerical error. We are of the opinion that the foreclosure sale was not invalid upon the contentions made by the plaintiff.

The judgment is affirmed.

CHRISTIANSON, and BIRDZELL, JJ., concur.

ROBINSON, Ch. J. and GRACE, J., dissent.